# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JARED STEGER, DAVID RAMSEY, JOHN CHRISPENS, and MAI HENRY, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 14-cv-6056 |
| v. | ) Judge Sharon Johnson Coleman |
| LIFE TIME FITNESS, INC., a Minnesota corporation, LTF CLUB MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company, and LTF CLUB OPERATIONS COMPANY, INC., a Minnesota corporation, and DOES 1 to 10, inclusive, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jared Steger, David Ramsey, John Chrispens and Mai Henry filed an amended twelve-count complaint against defendants Life Time Fitness, Inc., LTF Club Management Company, LLC, LTF Club Operations Company, Inc., and ten unnamed individuals (together "defendants"), alleging various claims under the Fair Labor Standards Act, the California Labor Codes and Business and Professions Code, the Illinois Minimum Wage Law, and the Illinois Wage Payment Collection Act ("IWPCA"). Defendants moved to dismiss Illinois plaintiffs Jared Steger and David Ramsey's ("plaintiffs") IWPCA claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is denied in part and granted in part.

**Background**

Viewed in plaintiffs' favor, the relevant facts are as follows. Defendants own and operate

fitness centers throughout the United States. Plaintiffs were employed by defendants in their fitness centers as personal trainers until their employment was terminated. According to its Incentive Compensation Plan, defendants agreed to pay plaintiffs and other personal trainers "'1.5 times the applicable minimum wage for every hour worked or actual commissions earned, whichever is greater.'" (Compl., Dkt. # 40, ¶ 13.)

Plaintiffs allege that defendants had a practice of not recording all hours worked by personal trainers and failing to provide them with wage statements or paystubs setting forth all hours actually worked at the correct rate of pay. They further allege that defendants instructed their department heads to have personal trainers clocked in only when they were "servicing" clients, regardless of the amount of time actually worked. Personal trainers were required to work more than eight hours in a workday and more than forty hours in a workweek performing such tasks as training clients, attending mandatory meetings, completing tutorials, quizzes, videos, certifications and training courses, and cleaning the equipment in the fitness centers. Personal trainers were told that they could not be clocked in for these activities or for more than forty hours in one week. Thus, personal trainers were not paid for off-the-clock work or overtime for any work in excess of eight hours in a workday or forty hours in a workweek.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint rather than the merits of the claim. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual

allegations are not required, but the plaintiff must allege facts that when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

**Discussion**

Plaintiffs claim that they were not paid wages for significant amounts of work for which they were promised to be paid. Specifically, they assert that defendants agreed to pay them for "working certain time without compensation," or "off-the-clock" work, "overtime," and "unused vacation time."[1] (Dkt. # 40, ¶¶ 151-52.) Defendants argue that plaintiffs' claim should be dismissed because the parties had no agreement to pay plaintiffs for off-the-clock work or overtime and defendants maintained a use-it-or-lose-it vacation policy that does not violate the IWPCA.

The IWPCA does not establish a substantive right to overtime pay or any other kind of wage, but rather allows for a cause of action based on compensation wrongfully withheld pursuant to an employment contract or agreement. *Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 658 (N.D. Ill. 2012) (Holderman, J.). The IWPCA requires an employer to "pay every employee all wages earned during the semi-monthly pay period," 820 ILCS 115/3, with "wages" defined as "any compensation owed … pursuant to an employment contract or agreement between the two parties, whether the amount is determined on a time, task, piece, or any other basis of calculation," 820 ILCS 115/2. "It is well established that an employee can have no

---

[1] Although plaintiffs in their brief appear to expand their complaint to include claims under the IWPCA for illegal deduction of business expenses and losses and wages at the "regular rate of pay," (*see* Resp., Dkt. # 69, p. 6-7), the Court finds that the only IWPCA claims alleged in plaintiffs complaint are for off-the-clock work, overtime, and unused vacation time.

3

claim under the IWPCA unless the employer and employee agreed that the former would compensate the latter for the particular work allegedly performed." *Brown v. Lululemon Athletica, Inc.*, No. 10 C 5672, 2011 WL 741254, at *3 (N.D. Ill. Feb. 24, 2011) (St. Eve, J.). Thus, the IWPCA mandates the pay plaintiffs seek here only to the extent the parties' contract or agreement requires such pay. *See, e.g., Hess v. Kanoski & Assocs.*, 668 F.3d 446, 453-54 (7th Cir. 2012). An "agreement" under the IWPCA is "broader than a contract," and "requires only a manifestation of mutual assent on the part of two or more persons." *See Zabinsky v. Gelber Group, Inc.*, 347 Ill. App. 3d 243, 283, Ill. Dec. 61, 807 N.E.2d 666, 671 (Ill. App. Ct. 2004). The agreement need not be a "formally negotiated contract," nor must it contain the "formalities and accompanying legal protections of a contract." *Landers-Scelfo v. Corporate Office Sys., Inc.*, 356 Ill. App. 3d 1060, 1067-68, 293 Ill. Dec. 170, 827 N.E.2d 1051 (Ill. App. Ct. 2005).

Defendants argue that plaintiffs' claim should fail because they have not alleged an agreement to pay for "off-the-clock" work. (Reply, Dkt. # 74, p. 6-10.) They claim that "the notion that any employer could make a promise or agreement to pay for time that employees never report as having been worked defies logic." Defendants further argue that there was no manifestation on their part of any agreement to pay for off-the-clock activities where defendants allegedly instructed plaintiffs not to report or enter such time.

The analysis is much simpler than defendants' spin on the facts alleged. Plaintiffs allege that the Incentive Compensation Plan promised certain wages for "every hour worked." They further allege that defendants routinely failed to record hours worked for marketing activities, completing paperwork and reports, cleaning fitness equipment and attending mandatory meetings, *i.e.*, off-the-clock work. (*See* Dkt. # 40, ¶¶ 13, 23.) Drawing all possible inferences in plaintiffs favor, as the Court must do here, the Court finds that plaintiffs have sufficiently alleged

4

that an agreement exists with defendants to pay plaintiffs "1.5 times the applicable minimum wage for every hour worked or actual commissions earned, whichever is greater," as set forth in defendants' Incentive Compensation Plan. (Dkt. # 40, ¶ 13.) Defendants do not dispute that this language appears in its Plan or that the Plan applies to plaintiffs.

The Court thus concludes that plaintiffs have alleged an agreement for defendants to pay for "off-the-clock" work, to the extent that plaintiffs claim they worked hours for which they did not receive any wages. Additionally, the cases defendants cite in support are not comparable because in those cases, no agreements requiring compensation for hours worked existed at all. (*See* Dkt. # 74, p. 4-5.) Moreover, contrary to defendants' contention, under the agreement alleged here defendants promised something beyond what they were already required to do under the law. The agreement here, requiring 1.5 times minimum wage for every hour worked, is more than a "simple acknowledgement" of defendants' legal obligation to pay minimum wage for all time worked. The Court understands from defendants' arguments that they may dispute whether the off-the-clock activities alleged are "legally compensable" as hours worked, however, at this stage of the case plaintiffs' allegations are sufficient to state a claim.

Defendants further argue that plaintiffs' claim for unused vacation time fails. Defendants' vacation or paid time off ("PTO") policy is a "use-it-or-lose-it" policy which provides that "[a]ccrued and unused PTO is not carried over from year to year, so Team Members should use all of the PTO prior to December 31. Accrued and unused PTO is not cashed out at time of separation or status change from full-time to part-time, unless specified by law." (Dkt. # 40, ¶ 21.) Plaintiffs allege that they were deprived of wages rightfully earned under this employee handbook policy because defendants systematically "forfeited vested vacation earned by Personal Trainers by refusing to carry over accrued and unused vacation time from year to year."

5

(*Id.* ¶ 32; Resp., Dkt. # 69, p. 7-8.)

Plaintiffs claim for unused vacation time under the IWPCA fails. It is clear from the PTO policy that defendants never agreed to pay plaintiffs carry over accrued and unused vacation from year to year; indeed the policy states the opposite. Accordingly, without an agreement to compensate for carry over unused vacation time, plaintiffs claim fails. Further, plaintiffs' reference to section 115/5 of the Act does not save their claim. That section provides that when an employee with unused vacation time resigns or is terminated "the monetary equivalent of all earned vacation [in accordance with the employment policy] shall be paid to him or her as part of his or her final compensation … upon separation." 820 ILCS 115/5. However, plaintiffs make no allegation in their complaint that they were not paid their monetary equivalent of earned vacation per the employment policy when they were terminated. They only allege that "defendants were at all times aware of their obligation to pay its hourly employees for all time they worked, including unused vacation time." (Dkt. # 40, ¶ 151.)

Plaintiffs claim survives only to the extent that they seek unpaid wages at "1.5 times the applicable minimum wage for every hour worked or actual commissions earned, whichever is greater," as set forth in defendants' Incentive Compensation Plan. The claim for unused vacation time fails and is dismissed.

**Conclusion**

For the foregoing reasons, Defendants' partial motion to dismiss [53] is denied in part and granted in part consistent with this order.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: September 10, 2015