EXHIBIT 1

BRIAN D. CHASE (*pro hac vice pending*)
bchase@bisnarchase.com
JERUSALEM F. BELIGAN (*pro hac vice*)
jbeligan@bisnarchase.com
BISNAR|CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone: 949/752-2999
Facsimile: 949/752-2777

BRANIGAN A. ROBERTSON (*pro hac vice*)
branigan@brobertsonlaw.com
BRANIGAN ROBERTSON
9891 Irvine Center Drive, Suite 200
Irvine, California 92618
Telephone: 949/667-3025
Facsimile: 949/242-9853

MICHAEL L. FRADIN
mike@fradinlaw.com
LAW OFFICE OF MICHAEL L. FRADIN
8401 Crawford Avenue, Suite 104
Skokie, Illinois 60076
Telephone: 847/644-3425
Facsimile: 847/673-1228

Attorneys for Plaintiffs and Putative Classes

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED STEGER; DAVID RAMSEY; JOHN CHRISPENS; GREGORY GENTILE; MAI HENRY; individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIFE TIME FITNESS, INC., a Minnesota corporation; LTF CLUB MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company; and LTF CLUB OPERATIONS COMPANY, INC., a Minnesota corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 1:14-cv-06056<br><br>**CONSOLIDATED COMPLAINT FOR VIOLATIONS OF:**<br><br>**FLSA Collective Action**<br><br>1. **THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201-219, C.F.R. § 531.35);**<br><br>**FRCP 23 Class Action (State-Law Claims)**<br><br>2. **CALIFORNIA LABOR CODES AND BUSINESS & PROFESSIONS CODE (Cal. Lab. Codes §§ 201-203, 221, 224, 226, 227.3, 226.7, 510, 512, 1174, 1194, Cal. Bus. & Prof. Code §§ 17200, *et seq.*);**<br><br>3. **ILLINOIS WAGE LAWS (820 ILCSv105/1, *et seq.*, 820 ILCS § 115/1 *et seq.*); and**<br><br>**Individual Action**<br><br>4. **THE ANTI-RETALIATION PROVISION OF THE FLSA (29 U.S.C. § 215).**<br><br>**DEMAND FOR JURY TRIAL** |

**CONSOLIDATED COMPLAINT**

**TABLE OF CONTENTS**

I. INTRODUCTION...................................................................................1

II. THE PARTIES...................................................................................2

    A.    The Illinois Plaintiffs..............................................................2

    B.    The California Plaintiffs...........................................................2

    C.    The Plaintiffs in General..........................................................2

    D.    Defendants.........................................................................3

III. JURISDICTION AND VENUE..................................................................3

IV. FACTUAL ALLEGATIONS......................................................................4

    A.    Life Time..........................................................................4

    B.    Life Time's Compensation Scheme, Failure to Maintain Accurate Records of
          All Hours Worked, And Impact of Failure to Maintain Records Required by
          The FLSA And State Law........................................................4

    C.    Life Time Did Not Pay Personal Trainers The Minimum Wage For Each And
          Every Hour of Work..............................................................7

    D.    Life Time Did Not Pay Personal Trainers Overtime For Work Performed in
          Excess of 8 Hours in a Workday or More Than 40 Hours in a Workweek.......8

    E.    Life Time Did Not Provide Uninterrupted Meal or Rest Periods to Personal
          Trainers...........................................................................8

    F.    Life Time's Vacation Policy Violates California Law............................9

    G.    Life Time Knew or Should Have Known Personal Trainers Were Working
          Uncompensated Hours...........................................................9

    H.    Facts Common to All Class Members............................................10

V. FLSA CLASS DEFINITION AND ALLEGATIONS.........................................11

    A.    FLSA Class.......................................................................11

VI. CALIFORNIA CLASS DEFINITIONS AND RULE 23 ALLEGATIONS..........12

    A.    California Class...................................................................12

    B.    California Subclasses.............................................................13

          1.    California Wage Statement Subclass...................................13

          2.    California Unlawful Deduction Subclass...............................13

          3.    California Minimum Wage Subclass..................................13

          4.    California Overtime Subclass...........................................13

i

|  |  |  | 5. | California Meal Period Subclass | 13 |
|  |  |  | 6. | California Rest Period Subclass | 14 |
|  |  |  | 7. | California Vacation Subclass | 14 |
|  |  |  | 8. | California Waiting Time Subclass | 14 |
|  |  |  | 9. | California UCLA Subclass | 14 |
|  | C. | Rule 23 Allegations |  |  | 15 |
|  |  | 1. | Numerosity (Rule 23(a)(3)) |  | 15 |
|  |  | 2. | Existence of Common Questions of Law And Fact (Rule 23(a)(2)) |  | 15 |
|  |  | 3. | Typical (Rule 23(a)(3) |  | 17 |
|  |  | 4. | Adequacy (Rule 23(a)(4)) |  | 17 |
|  |  | 5. | Injunctive And Declaratory Relief (Rule 23 (a)(2)) |  | 17 |
|  |  | 6. | Predominance And Superiority of Class Action (Rule 23 (b)(3)) |  | 17 |

**VII. ILLINOIS CLASS DEFINITIONS AND RULE 23 ALLEGATIONS** ........ 19

|  | A. | Illinois Class |  |  | 20 |
|  | B. | Illinois Subclass |  |  | 20 |
|  |  | 1. | Illinois Minimum Wage Subclass |  | 20 |
|  |  | 2. | Illinois Overtime Subclass |  | 20 |
|  | C. | Rule 23 Allegations |  |  | 20 |
|  |  | 1. | Numerosity (Rule 23(a)(1)) |  | 20 |
|  |  | 2. | Existence of Common Questions of Law and Fact (Rule 23(a)(2)) |  | 20 |
|  |  | 3. | Typicality (Rule 23(a)(3)) |  | 21 |
|  |  | 4. | Adequacy (Rule 23(a)(4)) |  | 21 |
|  |  | 5. | Injunctive and Declaratory Relief (Rule 23(b)(2)) |  | 21 |
|  |  | 6. | Predominance And Superiority of Class Action (Rule 23(b)(3)) |  | 22 |

**VIII. CLAIMS FOR RELIEF** ........ 22

A. First Claim For Relief Brought by Plaintiffs, on Behalf of Themselves And The FLSA Class, Against Defendants for Illegally Deducting Business Costs And Losses From Wages (29 U.S.C. §206; 29 C.F.R. § 531.35), Failure to Pay The Minimum Wage (29 U.S.C. § 206), And For Failure to Pay Overtime 29 U.S.C.

§§ 201, *et seq.*). ............................................................................22

B.     Second Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Failing to Provide Accurate Wage Statements in Violation of California law (Cal.Lab.Code §§ 226, 1174, 1174.5)............................................24

C.     Third Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants for Illegally Deducting Business Losses And Shortages From Wages in Violation of California Law (Cal.Lab. Code §§ 221, 224)...................................27

D.     Fourth Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Minimum Wage Requirements (Cal.Lab. Code § 1194)............30

E.     Fifth Claim for Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Overtime Laws (Labor Code §§ 510 and 1194)......................32

F.     Sixth Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Meal and Rest Break Requirements (Cal.Lab. Code §§ 226.7, 512)........................................................................................34

G.     Seventh Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Prohibition Against the Forfeiture of Vested Vacation Wages (Labor Code § 227.3)...............................................................37

H.     Eight Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Timely Payment Requirements (Cal.Lab. Code §§ 201, 202, 203)..........................................................................................39

I.     Ninth Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*).........................................................................................40

///

J.    Tenth Claim For Relief Brought by Illinois Plaintiffs, on Behalf of Themselves And The Illinois Class, Against Defendants For Violating Illinois' Minimum Wage Law ("IMWL") (820 ILCSv105/1, *et seq.*).............................................42

K.    Eleventh Claim For Relief Brought by Illinois Plaintiffs, on Behalf of Themselves And The Illinois Class, Against Defendants For Violating Illinois' Wage Payment and Collection Act ("IWPCA") (820 ILCS § 115/1, *et seq.*).............................................................................................................43

L.    Twelfth Claim For Relief Brought by Illinois Plaintiffs Against Defendants For Violating The FLSA's Anti-Retaliation Provision (20 U.S.C. § 215(a))...............................................................................................................44

IX.    **PRAYER FOR RELIEF**................................................................................45

X.    **DEMAND FOR JURY TRIAL**....................................................................48

1.      Plaintiffs David Ramsey and Jared Steger (collectively with Ramsey, "Illinois Plaintiffs"), and John Chrispens, Gregory Gentile and Mai Henry (collectively with Chrispens and Gentile, "California Plaintiffs"), (collectively, all plaintiffs are hereinafter "Plaintiffs"), by and through their undersigned attorneys, bring this action on behalf of themselves and all others similarly situated, based upon personal knowledge as to themselves and their activities, and on information and belief as to all other matters, against defendants Life Time Fitness, Inc., LTF Club Management Company, LLC and LTF Club Operations Company, Inc. (collectively, "Life Time" or "Defendants"), and allege as follows:

## I.     INTRODUCTION

2.      Plaintiffs bring this case against Life Time for willfully violating the Fair Labor Standards Act ("FLSA") and California and Illinois labor laws. Plaintiffs bring the FLSA as a nationwide collective action to seek past-due wages and an equivalent amount in liquidated damages for putative class members who opt in. Plaintiffs also bring supplemental state-law claims to recover broader remedies unavailable in FLSA actions and will seek to certify those state-law claims pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). It is well-settled in this jurisdiction that Rule 23 class actions can be combined (i.e., coexist) with collective actions brought under the FLSA. *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-79 (7th Cir. 2011).

3.      In addition to the wage and hour violations, the Illinois Plaintiffs bring a claim against Life Time for violating the FLSA's anti-retaliation provision protecting employees who assert their rights under the FLSA. 29 U.S.C. § 215(a). The purpose of the provision is to prevent fear of economic retaliation by forcing workers to quietly accept substandard conditions. The anti-retaliation provision under the FLSA protects oral as well as written complaints. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325 (2011). Life Time retaliated against and eventually discharged the Illinois Plaintiffs for complaining to management and supervisors about Life Time's illegal wage practices.

///

**CONSOLIDATED COMPLAINT**

## II.  THE PARTIES

### A.  The Illinois Plaintiffs

4.  Plaintiffs Steger and Ramsey are residents of the State of Illinois and were employed by Life Time as Personal Trainers until they were wrongfully discharged for complaining about Life Time's illegal wage practices to managers and supervisors.  Plaintiff Steger and Plaintiff Ramsey were the first of the Plaintiffs to file suit against Defendants pursuant to the FLSA and did so on July 7, 2014 in a dual capacity, bringing claims individually in their own capacity and also on behalf of the prospective FLSA Class.  Since Plaintiff Steger and Plaintiff Ramsey were the first to file under the FLSA, Plaintiffs seek to recover damages for the FLSA Class for the three years prior to initial filing of the complaint in *Steger et al v. LTF Club Operations Company, Inc.*, Case no. 1:14-cv-06056, on July 7, 2014 (the "FLSA Class Period").

### B.  The California Plaintiffs

5.  Plaintiffs Chrispens, Gentile and Henry are residents of the State of California and were employed by Life Time as Personal Trainers.  Plaintiff Chrispens worked for Life Time from April 2012 to October 2014.  Plaintiff Gentile worked for Life Time from approximately April 2014 to June 2014.  Plaintiff Henry worked for Life Time from approximately March 2013 to August 2014.

### C.  The Plaintiffs in General

6.  Both the Illinois and California Plaintiffs will serve as adequate, typical and active participants and class representatives for the proposed FLSA Class, and their respective states under Rule 23.  Plaintiffs shared the same titles, duties, and were equally affected by Life Time's illegal wage practices.  Life Time has actual and constructive knowledge that Plaintiffs were performing work—every day and every workweek—for which they were not paid the minimum wage.  Life Time has actual and constructive knowledge that Plaintiffs were working more than 8 hours a day, more than 40 hours a week—every workweek—but were not paid one and a half times their regularly rate of pay.  Life Time has actual and constructive knowledge that the

CONSOLIDATED COMPLAINT

Plaintiffs were required to work off the clock and perform activities in which they were not paid a wage. With respect to the California Plaintiffs, Life Time has actual and constructive knowledge that they worked more than 12 hours per day and seven consecutive days without being paid double their regular rate of pay as required by California law. Life Time has actual and constructive knowledge that due to its uniform and systematic practice of unlawfully deducting business losses and other business costs from Plaintiffs' wages, Plaintiffs' hourly rates were so diluted that they were paid less than the federal and state minimum wage.

7.     Plaintiffs have consented to sue for violations of the FLSA pursuant to 29 U.S.C. §§ 216(b) and 256. Consent to Join Forms for Plaintiffs are attached hereto as Exhibits A through E.

**D.     Defendants**

8.     Life Time Fitness, Inc. is a Minnesota corporation.  LTF Club Management Company, LLC is a Delaware Limited Liability Company.  LTF Club Operations Company, Inc. is also a Minnesota corporation.  Defendants' corporate headquarter is located in Chanhassen, Minnesota. Defendants own and operate fitness centers throughout the United States and employed Plaintiffs and thousands of other Personal Trainers.

9.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10 are unknown to Plaintiffs, who therefore sue these defendants by fictitious names.  Plaintiffs further allege that each of these fictitious defendants is in some manner responsible for the acts and occurrences herein set forth.  Plaintiffs will amend this Complaint to show these defendant's true names and capacities when ascertained, as well as the manner in which each fictitious defendant is responsible.

**III.     JURISDICTION AND VENUE**

10.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 16(b) of the FLSA, 29 U.S.C. § 216(b).  This Court also has federal jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA") because this is a class action in which: (1) there are more than 100 class members in Plaintiffs' proposed classes; (2) Plaintiffs

**CONSOLIDATED COMPLAINT**

and members of the proposed classes have different citizenships from Defendants (i.e., the parties are minimally diverse); and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 552 (2014), citing 28 U.S.C. 1332(d)(1)(2), (5)(B). In addition, this Court has supplemental jurisdiction over Plaintiffs' state-law claims because those claims derive from the same common conduct that led to violations of the FLSA; that is, the FLSA, California and Illinois claims all derive from the same common nucleus of operative facts. 28 U.S.C. § 1367.

11.     Jurisdiction and venue as to Defendants are proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 216(b) of the FLSA, 29 U.S.C. § 216(b). *See also* Dkt. No. 39 (minute order consolidating *Steger, et al. v. LTF Club Operations Company, Inc.*, Case No. 1:14-cv-06056 with *Chrispens, et al. v. Life Time Fitness Inc., et al.*, Case No. 1:14-cv-087060).

## IV.     FACTUAL ALLEGATIONS

### A.     Life Time

12.     Life Time employs Personal Trainers in over 106 fitness centers throughout the United States. Life Time Fitness touts itself to be "The Healthy Way of Life Company," dedicated to helping others achieve one's total health aspirations, athletic aspirations, and fitness goals. Life Time has become one of America's fastest growing fitness centers. Life Time, however, achieved this accomplishment by intentionally engaging in a deceitful scheme to either not pay Personal Trainers for work performed, or deduct business losses and shortages from their wages, resulting in Personal Trainers performing substantial work for which they were not paid.

### B.     Life Time's Compensation Scheme, Failure to Maintain Accurate Records of All Hours Worked, And Impact of Failure to Maintain Records Required by The FLSA And State Law.

13.     According to its Incentive Compensation Plan, Life Time agrees to pay Personal Trainers "1.5 times the applicable minimum wage for *every hour worked* OR actual commissions earned, *whichever is greater*." However, to confuse Personal Trainers and make it difficult for them to determine whether they were being paid properly, Life Time did not keep accurate records

**CONSOLIDATED COMPLAINT**

of the Personal Trainers' regular hourly rate, overtime rate of pay, hours worked each workday or workweek, all deductions made from their gross wages, and the settlement periods used to allocate the commissions over pre-determined periods of time. *See e.g., Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570 (11th Cir. 1985). These records are critical for an employer's "failure to keep accurate records can obscure a multitude of minimum wage and overtime violations." *See Wirtz v. Mississippi Publishers Corp.*, 364 F.2d 603 (5th Cir. 1966). This is exactly what happened in this case. Life Time intentionally engaged in a uniform practice of not recording hours worked or notifying Personal Trainers of their regular rate of pay to obscure the payment of minimum and overtime wages. Indeed, Personal Trainers could not and cannot determine whether they are being paid correctly.

14. Lifetime Fitness also employs an illegal scheme of deducting business losses or shortages (due to client refunds or cancellations) from the Personal Trainers' wages in order to pass on business losses and shortages to Personal Trainers. By deducting these business losses and shortages from the Personal Trainers' wages, Life Time Fitness increased its profits, but diluted the Personal Trainers' wages, resulting in the nonpayment of the minimum wage.

15. Life Time's failure to maintain accurate time records results in a presumption against Life Time that the records, if produced, would support Plaintiffs' claim that wages are owed. *Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58 (2d Cir. 1997). In addition, in the absence of records, anecdotal evidence by Personal Trainers estimating the time they spent working is admissible to establish how many hours the employees worked. *Reich v. Waldbaum Inc.*, 833 F. Supp. 1037 (S.D. N.Y. 1993), *rev'd on other grounds,* 52 F.3d 35 (2d Cir. 1995); *Mabee v. White Plains Publishing Co.*, 41 N.Y.S.2d 534 (N.Y.S. 1943). As explained by the Supreme Court, when an employer fails to keep adequate employment records, an employee makes a *prima facie* case under the FLSA if the employee produces "sufficient evidence to show the amount and extent of [his] work as a matter of just and reasonable inference." The employee's proof of work hours need not be precise as to the dates and hours worked, and can consist of estimates as to the amount of work performed. *Williams v. R.W. Cannon, Inc.*, 2009 WL 2834955

**CONSOLIDATED COMPLAINT**

(S.D. Fla. 2009); *Hilton v. Executive Self Storage Associates, Inc.*, 2009 WL 1750121 (S.D. Tex. 2009). An employee's testimony, standing alone, will suffice to establish the amount of unpaid overtime worked, even if there is other evidence contradicting the employee's testimony. *Moon v. Technodent Nat., Inc.*, 2008 WL 2117053 (M.D. Fla. 2008); *Ochoa v. Alie Bros., Inc.*, 2007 WL 2781192 (M.D. Fla. 2007); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327 (S.D. N.Y. 2005); *Turner v. Human Genome Science, Inc.*, 292 F. Supp. 2d 738 (D. Md. 2003); *Colindres v. QuietFlex Mfg.*, 427 F. Supp. 2d 737 (S.D. Tex. 2006). The burden "then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the Court may then award damages to the employee, even though the result be only approximate." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *see Arias v. U.S. Service Industries*, 80 F.3d 509 (D.C. Cir. 1996); *Herman v. Harmelech*, 2000 WL 420839 (N.D. Ill. 2000).

16.     Plaintiffs can meet their burden of proof by establishing that a representative sample of the Personal Trainers performed work for which they were improperly compensated and by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson, supra,* 328 U.S. 680; *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014) ("Since *Dukes* and *Comcast* were issued, circuit courts including this one have consistently held that statistical sampling and representative testimony are acceptable ways to determine liability so long as the use of these techniques is not expanded into the realm of damages."); *Secretary of Labor v. DeSisto*, 929 F.2d 789 (1st Cir. 1991). There is no obligation to present the testimony of each employee covered by the claim. *Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58 (2d Cir. 1997). For instance, in one case a court upheld the use of a sample of 2.5% of all affected employees to determine back wages due the rest. *Reich, supra,* 121 F.3d 58. In another, the court accepted a simple questionnaire distributed to employees. *Fast v. Applebee's Intern., Inc.*, 2009 WL 2391775 (W.D. Mo. 2009). Accordingly, Plaintiffs here can use representative evidence to prove Life Time's liability and damages owed in

**CONSOLIDATED COMPLAINT**

one stroke.

### C. Life Time Did Not Pay Personal Trainers The Minimum Wage For Each And Every Hour of Work.

17. Life Time did not want to pay the minimum-wage draw to Personal Trainers because it was a cost to the business which affected profitability. Life Time held its department heads "personally liable" if Personal Trainers did not make sufficient commissions to meet the draw. Life Time instructed its department heads to have Personal Trainers clocked in *only* when they were "servicing" clients, regardless of the amount of time actually worked. Managers instructed and threatened Personal Trainers not to incur draw because the draw would be deducted from the managers' wages. Thus, even though Personal Trainers were in the fitness centers under the control of Life Time performing work, they did not clock in.[1] Personal Trainers who did take draw were instructed not to, and if they did not comply, they were fired.

18. Plaintiffs are informed and believe that security cameras in the fitness centers will show and prove the "off the clock" work. A simple cross-referencing of videos and payroll records will prove Personal Trainers worked "off the clock." Another key piece of evidence is emails sent or received by Personal Trainers during the workday. Plaintiffs requested Life Time (including its directors, officers, employees, or other agent of Defendants') to preserve—and not destroy or alter—any document and other physical evidence relating to this Complaint, including any relevant videos and emails. Life Time was placed on notice of its uncompromising duty to preserve what they know or reasonably should know will be relevant in the pending lawsuit, even though no discovery request or order to preserve the evidence has yet been made. *See Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F.Supp. 1443, 1455 (C.D. Cal. 1984). Violation of

---

[1] For example, Plaintiff Ramsey's paycheck, dated August 24, 2012, which covered the 15-day pay between August 1, 2012 through August 15, 2012, shows gross pay and net pay of *$0.00*. During this pay period, Plaintiff Ramsey worked over 88 hours. During the following pay period, August 16, 2012 through August 31, 2012, Plaintiff Ramsey's paystub shows gross earnings of $303.26, even though he worked in excess of 88 hours. In neither of these pay periods was Plaintiff Ramsey paid overtime.

**CONSOLIDATED COMPLAINT**

this duty is "spoliation." *See e.g. In re Quintus Corp.,* 353 B.R. 77, 84 (Bankr. D. Del. 2006), quoting *Silvestri v. Gen'l Motors Corp.,* 271 F.3d 583, 591 (4th Cir. 2001) ["The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to the anticipated litigation."]. Accordingly, Life Time must take every reasonable step to preserve this information until the final resolution of this litigation. If it does not, Plaintiffs will request the Court for an Order instructing the trier of fact that had the evidence been preserved, it would have benefitted Plaintiffs.

**D.** **Life Time Did Not Pay Personal Trainers Overtime For Work Performed in Excess of 8 Hours in a Workday or More Than 40 Hours in a Workweek.**

19. Personal Trainers were required to work more than 8 hours in a workday and more than 40 hours in a workweek performing, among other things, training clients, attending mandatory meetings, completing tutorials, quizzes, videos and certifications, training courses, and cleaning the equipment in the fitness centers. Personal Trainers, however, were never paid overtime. Personal Trainers were instructed that they could work more than 40-hours, but they could not be clocked in for more than 40-hours. Because Life Time did not want to pay the minimum-wage draw—let alone overtime—Personal Trainers were forced to perform these duties "off the clock." Personal Trainers were not paid overtime for any work in excess of 8 hours in a workday or 40 hours in a workweek.

**E.** **Life Time Did Not Provide Uninterrupted Meal or Rest Periods to Personal Trainers.**

20. Life Time did not have a policy or practice of providing 30-minute, uninterrupted meal periods to Personal Trainers, during which they are free to leave the fitness centers and completely relieved of all duty. Life Time also lacked a policy of providing rest periods to Personal Trainers. As such, all time spent by Personal Trainers at the fitness centers must be counted as hours worked in calculating minimum and overtime wages. In addition, the California Plaintiffs and members of the California class are entitled to an additional hour of pay for each

**CONSOLIDATED COMPLAINT**

meal and rest period to which they were entitled, but not provided.

**F.      Life Time's Vacation Policy Violates California Law.**

21.      Life Time's vacation or Paid Time Off ("PTO") policy violates California's prohibition against "use it or lose it" vacation policies.  According to Life Time's PTO policy, "[a]ccrued and unused PTO is *not* carried over from year to year, so Team Members should use all of their PTO prior to December 31.  Accrued and unused PTO is *not* cashed out at time of separation or status change from full-time to part-time, unless specified by law" (emphasis added). Life Time's policy is facially invalid and has resulted in California Personal Trainers losing vested PTO or vacation days.

**G.      Life Time Knew or Should Have Known Personal Trainers Were Working Uncompensated Hours.**

22.      The Illinois Plaintiffs complained to management on numerous occasions about working substantial hours, but not receiving compensation (whether minimum wage or otherwise) for the work performed.  Indeed, Plaintiff Ramsey questioned his assistant manager, Jason Hall, about the legality of Life Time's practice of not paying trainers for the majority of their hours. Mr. Hall, who is now a Personal Training Director, had no answers for Plaintiff Ramsey.  Mr. Hall expressed to Plaintiff Ramsey that he himself had questioned the legality of the draw system because his wages were deducted when Personal Trainers did not meet their draw.  Mr. Hall and another manager, Colin Yording, warned the Illinois Plaintiffs not to take a draw because the draw would be deducted from their wages.  This draw system as designed by Life Time equates to nothing more than a "Ponzi" scheme which pitted managers against Personal Trainers.  Life Time would use the wages of its managers to pay Personal Trainers when they do not meet their draw; in other words, Life Time was "robbing Peter to pay Paul."  This explains why managers place pressure on Personal Trainers to work off the clock since their own paychecks will be garnished if Personal Trainers do not meet their draw pay.

23.      Moreover, Life Time required and expected Personal Trainers to market its services and products via email or cold calls, to complete paperwork and reports, prepare detailed

**CONSOLIDATED COMPLAINT**

client files, clean fitness equipment, attend month-end close-out, and to attend mandatory meetings. They were not paid for such activities. If Personal Trainers complained, they were told by managers that it is "part of your job, I will take action, if it is not fixed." Life Time required Personal Trainers to perform these tasks and therefore knew or should have known that Personal Trainers could not complete these tasks unless they worked off the clock.

24. Another indication that its scheme is illegal is the very high turnover rate of Personal Trainers. Upon information and belief, the turnover rate of new Personal Trainers is approximately 40-60% in the first three months of employment; thus a large number of Personal Trainers work for Life Time for a short time and most quit because of being forced to work off the clock without compensation.

**H.      Facts Common to All Class Members.**

25. The job duties of Personal Trainers are virtually identical from region to region, district to district, facility to facility, and employee to employee. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action. The same policies, procedures, employee handbooks and manuals, and compensation plan were distributed to the Personal Trainers. As such, the policies, practice and procedures are uniformly applied to the Personal Trainers which means individual issues will not predominate, and in fact, all issues are systematically linked, related and common, both in terms of facts and law.

26. Life Time neither kept accurate records of all the hours worked by Personal Trainers, nor did it provide them with wage statements or paystubs setting forth all hours actually worked at the correct rate of pay. Because Life Time did not set forth the actual amount of hours worked in wage statements or paystubs, Personal Trainers could not and cannot determine whether they were paid properly for all hours worked.

27. Life Time regularly, uniformly, and systematically deducted business losses and shortages from the wages of its Personal Trainers; thus diluting the Personal Trainers' hourly wages below the federal and state-law minimum wage.

**CONSOLIDATED COMPLAINT**

28.     Life Time regularly, uniformly, and systematically failed to pay Personal Trainers the minimum wage for each and every hour worked.

29.     Life Time regularly, uniformly, and systematically required Personal Trainers to work more than 8 hours in a day or more than 40 hours per week, but did not pay them overtime.

30.     Life Time regularly, uniformly, and systematically failed to provide Personal Trainers uninterrupted 30-minute meal periods.

31.     Life Time regularly, uniformly, and systematically failed to provide Personal Trainers uninterrupted rest periods.

32.     Life Time regularly, uniformly, and systematically forfeited vested vacation earned by Personal Trainers by refusing to carry over accrued and unused vacation time from year to year.  Thus, Personal Trainers were deprived of wages rightfully earned under Life Time's employee handbook.

33.     In light of the above allegations, Personal Trainers were not and have not been paid all wages due to them.  Life Time's unlawful scheme has resulted in "wage theft."  Plaintiffs have brought this action to recover for themselves, and all similarly situated Personal Trainers, the wages pilfered by Life Time.

## V.      FLSA CLASS DEFINITION AND ALLEGATIONS

34.     Plaintiffs bring the First Claim for Relief for violations of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  Plaintiffs bring the FLSA action on behalf of themselves and all members of the following class (the "FLSA Class") comprised of:

**A.      FLSA Class**

All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Personal Trainer" and all other similar nomenclature (including, but not limited to, Personal Trainers, Pilates Instructors, Dietary Technicians, and other similar positions within the Personal Training department) performing substantially identical functions and/or

CONSOLIDATED COMPLAINT

duties, currently or formerly employed by Life Time in the United States who were not paid the minimum wage or overtime for all hours worked.

35. Plaintiffs and the members of the FLSA Class are similarly situated in that they have substantially similar job classifications, job duties, job requirements, and were subject to Life Time's common practice, policy, or scheme of willfully and unlawfully deducting business losses and shortages from the Personal Trainers' wages, and forcing them to work off the clock so that they will not earn minimum wage, incur a draw, or earn overtime.

36. The First Claim for Relief for violations of the FLSA may be brought and maintained as "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiffs are similar to the claims of the members of the FLSA Class.

37. The names, addresses and telephone numbers of the members of the FLSA Class are available from Life Time, and notice should be provided to the members of the FLSA Class via first class mail to their last address known as soon as possible

38. Plaintiffs seek to recover damages for the FLSA Class for the three years prior to the initial filing of the complaint in *Steger et al v. LTF Club Operations Company, Inc.*, Case no. 1:14-cv-06056 (the "FLSA Class Period").

## VI.  CALIFORNIA CLASS DEFINITIONS AND RULE 23 ALLEGATIONS

39. California Plaintiffs bring the Second through Ninth Claims for Relief for violation of California's labor laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). California Plaintiffs bring these claims on behalf of themselves and all members of the following class (the "California Class") comprised of:

### A.  California Class

All California-based individuals in positions, job titles, job codes, job classifications, or job descriptions of "Personal Trainer" and all other similar nomenclature (including, but not limited to, Personal Trainers, Pilates Instructors, Dietary Technicians, and other similar positions within the Personal Training department) performing substantially identical

**CONSOLIDATED COMPLAINT**

functions and/or duties currently or formerly employed by Life Time who were not paid the minimum wage, overtime compensation, and/or premiums for meal and rest period violations.

**B.     California Subclasses**

40.     In the alternative, and for the convenience of the Court and the parties, Plaintiffs may seek to certify the following subclasses at the time the motion for class certification is filed:

**1.     California Wage Statement Subclass**

All Members of the California Class whom Defendants did not provide accurate itemized wage statements showing all hours actually caused or suffered to work and the applicable rates of pay during the California Class Period.

**2.     California Unlawful Deduction Subclass**

All Members of the California Class who's wages were unlawfully deducted by Defendants during the California Class Period.

**3.     California Minimum Wage Subclass**

All Members of the California Class who Defendants failed to pay the California minimum for each hour worked during the California Class Period.

**4.     California Overtime Subclass**

All Members of the California Class who (1) worked in excess of eight hours per day and/or 40 hours per week; and (2) who Defendants failed to pay wages at the requisite overtime rates of pay for hours overtime worked during the California Class Period.

**5.     California Meal Period Subclass**

All Members of the California Class whom Defendants did not

**CONSOLIDATED COMPLAINT**

provide 30-minute, uninterrupted and duty-free meal periods for approximately every five hours worked, and who were not paid an additional hour of pay in lieu thereof during the California Class Period.

**6.    California Rest Period Subclass**

All Members of the California Class whom Defendants did not authorize or permit uninterrupted and duty-free 10-minute paid rest periods for approximately every four hours worked and who were not paid an additional hour of pay in lieu thereof during the California Class Period.

**7.    California Vacation Subclass**

All Members of the California Class whom Defendants forfeited vested vacation wages and who were not paid vested, but unused vacation wages upon separation during the California Class Period.

**8.    California Waiting Time Subclass**

All Members of the California Class who (1) from three-years prior to the filing of this Complaint separated from Defendants' employment, and (2) who Defendants knowingly and willfully failed to pay any and all wages due within 72 hours of the time of the employee voluntarily or involuntarily ended their employment with Defendants during the California Class Period.

**9.    California UCL SUBCLASS:**

All Members of the California Class who, from the period of four years prior to the commencement of this Complaint until the commencement of trial, and who are owed restitution of

**CONSOLIDATED COMPLAINT**

unpaid wages resulting from Defendants' systematic violations of the FLSA, California Labor Code and/or applicable sections of pertinent IWC Wage Orders.

41. Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the California Class or Subclasses. In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the California Class and Subclasses alleged herein.

42. Plaintiffs seek to recover damages for the California Class and Subclasses for the four years prior to the initial filing of the complaint in *Chrispens et al v. Life Time Fitness Inc., et al.*, Case no. 1:14-cv-08706 (the "California Class Period").

**C. Rule 23 Allegations**

    **1. Numerosity (Rule 23(a)(1)).**

43. The potential quantity of members of the proposed California Class or Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical. California Plaintiffs are informed and believe that the total number of current and formerly employed members of the California Class or Subclasses number in the hundreds. The quantity and identity of such membership is readily ascertainable via inspection of Life Time's employment and payroll records.

    **2. Existence of Common Questions of Law And Fact (Rule 23(a)(2)).**

44. There are common questions of law and fact as to the members of the California Class or Subclasses which predominate over questions affecting only individual members which include, but are not limited to, the following:

    a. Whether Life Time failed to keep accurate records of all hours worked and wages earned by members of the California Class;

    b. Whether Life Time unlawfully deducted business shortages and losses from the wages of the members of the California Class in violation of California Labor Code §§ 221 and 224;

**CONSOLIDATED COMPLAINT**

c.  Whether Life Time failed to pay members of the California Class the minimum wage in violation of California Labor Code § 1194;

d.  Whether Life Time failed to pay members of the California Class overtime wages in violation of California Labor Code § 1194;

e.  Whether Life Time failed to provide members of the California Class uninterrupted 30-minute meal periods for every five hours worked in violation of California Labor Code § 226.7;

f.  Whether Life Time failed to provide members of the California Class uninterrupted 10-minute rest periods for every four hours worked or major fraction thereof in violation of California Labor Code § 226.7;

g.  Whether Life Time illegally forfeited vested vacation time from the wages of the members of the California Class in violation of California Labor Code § 227.3;

h.  Whether Life Time failed to pay members of the California all wages due upon separation of employment in violation of Labor Code § 203;

i.  Whether Life Time's illegal conduct as alleged above constitutes an unfair competition, unfair business practice and/or a deceptive business practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

j.  Whether the members of the California Class are entitled to compensatory damages, and if so, the means of measuring such damages;

k.  Whether the members of the California Class are entitled to injunctive relief;

l.  Whether the members of the California are entitled to restitution; and

m.  Whether Life Time is liable to members of the California for attorneys' fees and costs.

///

**CONSOLIDATED COMPLAINT**

### 3. Typicality (Rule 23(a)(3)).

45.     The claims of the California Plaintiffs are typical of the claims of all members of the California Class or Subclasses they seek to represent because all members of the California Class sustained injuries and damages arising out of Life Time's common scheme to maximize profits by skimming wages from Personal Trainers.

### 4. Adequacy (Rule 23(a)(4)).

46.     California Plaintiffs are adequate representatives of the proposed California Class or Subclasses they seek to represent because will fairly protect the interests of the members of the California Class, they have no interests antagonistic to the members of the California Class, and they will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

### 5. Injunctive And Declaratory Relief (Rule 23(b)(2)).

47.     Class certification of the Second through Ninth Claims for Relief is appropriate pursuant to Rule 23(b)(2) because Life Time has acted or refused to act on grounds generally applicable to the members of the California Class or Subclasses, so that final injunctive relief as requested herein is appropriate respecting the California Class or Subclasses as a whole.

### 6. Predominance And Superiority of Class Action (Rule 23(b)(3)).

48.     The nature of this action and the nature of the laws available to members of the California Class or Subclasses make the use of the class action format particularly efficient and the appropriate procedure to afford relief to them for the wrongs alleged herein, for the following reasons:

      a.     By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

**CONSOLIDATED COMPLAINT**

b. This case involves a large number of individual class members with many relatively small claims. If each individual member was required to file an individual lawsuit, Life Time would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual class member with its vastly superior financial and legal resources;

c. Requiring each individual member to pursue an individual remedy would also discourage the assertion of lawful claims by class members, who would be disinclined to pursue action against Life Time because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

d. Proof of a common business practice to maximize profits through an illegal Ponzi scheme will provide the common proof to establish liability against Life Time;

e. Absent class treatment, the prosecution of separate actions by the individual members of the California Class, even if possible, would likely create:

    i) a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

    ii) a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

    iii) inconsistent or varying verdicts or adjudications; and

    iv) potentially incompatible standards of conduct for Life Time.

f. The claims of the individual members of the California Class or Subclasses are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

**CONSOLIDATED COMPLAINT**

g.     Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

h.     Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

49.     Finally, adjudicating this action on a class basis is appropriate because liability turns on Life Time's own uniform and systematic scheme to maximize profits by depriving its Personal Trainers of wages by, among other things, deducting business losses and shortages from their wages and by forcing managers to compel, threaten and force Personal Trainers to work off the clock so they would not incur the minimum-wage draw. Classwide liability can be determined through manageable devices of common proof such as statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and Life Time's common policies and practices. Once liability is determined, the damages suffered by each member can also be determined by the same common proof.

50.     California Plaintiffs do not contemplate class notice if the California Class or Subclasses are certified under Rule 23(b)(2), which does not require notice, and notice to the putative Class or Subclasses may be accomplished through publication, or other forms of distribution, if necessary, if the Class or Subclasses are certified under Rule 23(b)(3), or if the Court otherwise determines class notice is required. California Plaintiffs will, if notice is so required, confer with Life Time and seek to present the Court with a stipulation and proposed order on the details of a class notice program.

## VII.    ILLINOIS CLASS DEFINITIONS AND RULE 23 ALLEGATIONS

51.     Illinois Plaintiffs bring the Tenth through Eleventh Claims for Relief for violation of Illinois' wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Illinois Plaintiffs bring these claims on behalf of themselves and all members of the following class (the "Illinois Class") comprised of:

**CONSOLIDATED COMPLAINT**

A.  **Illinois Class**

All Illinois -based individuals in positions, job titles, job codes, job classifications, or job descriptions of "Personal Trainer" and all other similar nomenclature performing substantially identical functions and/or duties currently or formerly employed by Life Time who were not paid the minimum wage, overtime compensation, and/or premiums for meal and rest period violations.

B.  **Illinois Subclasses**

52.  In the alternative, and for the convenience of the Court and the parties, Illinois Plaintiffs may seek to certify the following subclasses at the time the motion for class certification is filed:

1.  **Illinois Minimum Wage Subclass**

All Members of the Illinois Class who Defendants failed to pay the Illinois minimum for each hour worked during the Illinois Class Period.

2.  **Illinois Overtime Subclass**

All Members of the Illinois Class who (1) worked in excess of eight hours per day and/or 40 hours per week; and (2) who Defendants failed to pay wages at the requisite overtime rates of pay for hours overtime worked during the Illinois Class Period.

C.  **Rule 23 Allegations**

1.  **Numerosity (Rule 23(a)(1)).**

53.  The Illinois Class and Subclasses are so numerous that joinder of all members is impracticable. Illinois Plaintiffs are informed and believe, and on that basis allege, that Life Time employed hundreds of persons who satisfy the definition of the Illinois Class or Subclasses.

///

///

**CONSOLIDATED COMPLAINT**

**2.**      **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

54.      Common questions of law and fact exist as to the Illinois Plaintiffs and members of the Illinois Class or Subclasses including, but not limited to, the following:

         a.      Whether Life Time unlawfully failed to pay members of the Illinois Class or Illinois Minimum Wage Subclass the minimum wage in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCSv105/1, *et seq.*;

         b.      Whether Life Time unlawfully failed to pay members of the Illinois Class or Illinois Overtime Subclass overtime compensation in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1, *et seq.*;

         c.      Whether Life Time unlawfully failed to keep and maintain accurate records of the hours worked by members of the Illinois Class or Subclasses as required by applicable law; and

         d.      The damages sustained and the proper measure of restitution recoverable by members of the Illinois Class or Subclasses.

**3.**      **Typicality (Rule 23(a)(3)).**

55.      Illinois Plaintiffs' claims are typical of the members of the Illinois Class' or Subclasses' claims. The Illinois Plaintiffs, like other members of the Illinois Class or Subclasses, were subjected to Life Time's illegal scheme to maximize profits by depriving Personal Trainers of the basic minimum wage and overtime compensation.

**4.**      **Adequacy (Rule 23(a)(4)).**

56.      The Illinois Plaintiffs will fairly and adequately represent and protect the interests of the members of the Illinois Class or Subclasses. The Illinois Plaintiffs retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

///

///

CONSOLIDATED COMPLAINT

5. **Injunctive And Declaratory Relief (Rule 23(b)(2)).**

57. Class certification of the Tenth through Eleventh Claims for Relief is appropriate pursuant to Rule 23(b)(2) because Life Time acted or refused to act on grounds generally applicable to the members of the Illinois Class or Subclasses, making appropriate declaratory relief with respect to the members of the Illinois Class or Subclasses as a whole.

6. **Predominance And Superiority of Class Action (Rule 23(b)(3)).**

58. Class certification of the Tenth through Eleventh Claims for Relief is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the Illinois Class or Subclasses predominate over any questions affecting only individual members of those classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Life Time's common and uniform policies and practices illegally deprived all Personal Trainers of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual members of the Illinois Class or Subclasses are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Life Time's practices.

59. The Illinois Plaintiffs intend to send notice to all members of the Illinois Class or Subclasses to the extent required by Rule 23.

VIII. **CLAIMS FOR RELIEF**

A. **First Claim For Relief Brought by Plaintiffs, on Behalf of Themselves And The FLSA Class, Against Defendants For Illegally Deducting Business Costs And Losses From Wages (29 U.S.C. § 206; 29 C.F.R. § 531.35), Failure to Pay The Minimum Wage (29 U.S.C. § 206), And For Failure to Pay Overtime 29 U.S.C. §§ 201, *et seq.*).**

60. Plaintiffs reallege and incorporate by this reference each of the proceeding and foregoing paragraphs as if fully set forth herein.

Page 22

CONSOLIDATED COMPLAINT

61.    At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants employed "employee[s]," including Plaintiffs and each member of the FLSA Class.  At all relevant times, Defendants had gross operating revenues in excess of $500,000.  Attached hereto as Exhibits A through E are the Consent to Join Forms signed by Plaintiffs in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  Other individuals have signed consent forms and joined as plaintiffs on this claim.  Plaintiffs anticipate that more will be filed in the future.

62.    The FLSA is the nation's basic law governing wages and hours of work, sets the minimum wage and contains standards as to when employers must pay overtime.  Code of Federal Regulations § 531.35  provides that employers must pay all statutorily-required minimum wage and overtime premium finally and unconditionally, or "free and clear."  The FLSA requires each covered employer such as Defendants, to compensate all nonexempt employees at a rate of not less than the federal minimum wage during the FLSA Class Period.  The FLSA also requires each covered employer, such as Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek

63.    As set forth in detail above, Defendants engaged in a common practice or scheme to maximize profits by deducting business losses and shortages from Personal Trainers' wages.  Defendants also pitted managers against their Personal Trainers by deducting draws from the wages of managers.  This is in turn resulted in managers instructing, threatening and coercing Personal Trainers to work off the clock and to under-report their hours.  Thus, Personal Trainers' wages were not only being diluted by illegal deductions, but they were not being paid for all hours worked, including overtime.

64.    Defendants are large corporations and should have known the requirements of the FLSA or, at least through reasonable research or investigation or communication with their corporate counsel or legal department, that their pay practices violated the FLSA.  Defendants

**CONSOLIDATED COMPLAINT**

clearly have the resources to determine whether they are in compliance with the FLSA, but continued the illegal scheme due to profits, instead of considering the welfare of its employees. That is, Defendants made a rational decision, based on a cost/benefit analysis, that it was more profitable to continue with the scheme, instead of changing the scheme to comply with the law. Therefore Defendants' willfully, voluntarily, deliberately and intentionally violated the FLSA and did not have a "good faith" belief they were in compliance with the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the 29 U.S.C. § 255(a).

65. By failing to pay Plaintiffs, and the members of the FLSA Class, at a rate not less than the minimum wage, Defendants violated the FLSA, 29 U.S.C. § 206. By failing to compensate Plaintiffs, and the members of the FLSA Class, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a). By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the members of the FLSA Class, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

66. Plaintiffs and the members of the FLSA Class are entitled to past-due wages, an equivalent amount in liquidated damages, costs, and attorneys' fees, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**B.** **Second Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Failing to Provide Accurate Wage Statements in Violation of California law (Cal. Lab. Code §§ 226, 1174, 1174.5)**

67. Plaintiffs reallege and incorporate by this reference each of the preceding and

CONSOLIDATED COMPLAINT

foregoing paragraphs as if fully set forth herein.

68. Defendants knowingly and intentionally failed to provide accurate, itemized wage statements including, *inter alia*, total hours worked and applicable hourly rates for each hour worked, to Plaintiffs and the members of the California Class or California Wage Statement Subclass in accordance with California Labor Code § 226(a) and applicable IWC Wage Order.

69. California Labor Code § 226(a) states, in pertinent part, that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) *total hours worked by the employee ...*, (4) *all deductions ...*, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid ...*, and (9) *all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee ...* The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

70. California Labor Code § 226 (e)(1) states that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

71. California Labor Code § 226 (e)(2)(A) states that "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement."

72. California Labor Code § 226(e)(2)(B) states "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete

**CONSOLIDATED COMPLAINT**

information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a). (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period."

73.      California Labor Code § 226(e)(2)(C) defines "promptly and easily determine" to mean "a reasonable person would be able to readily ascertain the information without reference to other documents or information."

74.      California Labor Code § 226(e)(3) states that the phrase "knowing and intentional failure" "does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake."

75.      From the outset Defendants have failed to comply with their obligation to keep and maintain accurate records of all the hours worked by its Personal Trainers in violation of the FLSA and California Labor Code § 1174(d). To perpetuate its scheme to confuse and keep Personal Trainers in the dark as to whether they were being paid properly, Defendants willfully did not include the Personal Trainers' "applicable hourly rates ... and the corresponding number of hours worked at each hourly rate by the employee." Defendants also did not identify what pay period the commissions were earned or applied. In addition, the deductions made from the Personal Trainers' wages also do not "show[] the month, day, and year" the deductions applied to, nor was "a copy of the statement" relating to the deductions provided to Personal Trainers. The lack of information provided (or, in this case, not provided) was necessary to keep Personal Trainers in the dark. Such failure caused Plaintiffs and members of the California Class or California Wage Statement Subclass to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which they are and were entitled and precluding them from knowing or determining what deductions were made from the Personal Trainers' gross wages.

**CONSOLIDATED COMPLAINT**

76.     Plaintiffs and members of the California Class are entitled to seek injunctive relief requiring Defendants to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period.

**C.     Third Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Illegally Deducting Business Losses And Shortages From Wages in Violation of California Law (Cal. Lab. Code §§ 221, 224).**

77.     Plaintiffs reallege and incorporate by this reference each of the proceeding and foregoing paragraphs as if fully set forth herein.

78.     California Labor Code § 221 provides that "it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

79.     California Labor Code § 224 allows for an employer to make deductions from an employee's wages when, "the deduction is expressly authorized in writing by the employee to cover insurance premiums, hospital or medical dues, or other deductions not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining or pursuant to wage agreement or statute, or when a deduction to cover health and welfare of pension plan contributions is expressly authorized by a collective bargaining or wage agreement."

80.     During the California Class Period, Defendants engaged in a pattern, policy and practice of deducting minimum-wage draws and business losses and shortages from the wages of Personal Trainers and continue to discourage and dissuade them from reporting all hours worked at the expense of holding their department head or coordinators "personally liable" for any pay period during which Defendants have to pay the Trainers a draw.  These deductions resulted in the illegal forfeiture of wages.

**CONSOLIDATED COMPLAINT**

81.     California law requires all employees to be paid at the agreed hourly rate for all hours actually caused or suffered to work, and an overtime rate, as proscribed by law for hours exceeding eight hours in a work day and/or hours exceeding 40 hours in a work week.

82.     By engaging in this automatic deduction policy and practice, Defendants were able to skim wages from employees for those pay periods during which Defendants improperly deducted against their wages earned.  This resulted, on many occasions, in reduced hourly pay, nonpayment of the minimum wage, and unpaid overtime because the wages were so diluted that Personal Trainers were making less than the minimum wage and not being paid overtime at the correct rate of pay.  By use of this system, thousands of dollars of wages, both at regular rates of pay and at the employee's requisite overtime rate of pay were illegally deducted and caused to be forfeited by Defendants' actions.

83.     Plaintiffs are informed and believe that the practice violates California Labor Code §§ 221-224 by operating as an improper wage deduction and by failing in the employer's non-delegable duty to accurately record all hours worked.

84.     Plaintiffs are informed and believes and based thereupon alleges that the result of the policy and practice caused damage in the underpayment of regular and overtime wages to themselves and the proposed class and subclasses in an amount according to proof.

85.     Plaintiffs are informed and believe that the underpayment of wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

86.     Plaintiffs are informed and believe that the underpayment of wages and illegal deductions by their employer also entitles California Plaintiffs and the proposed California Unlawful Deduction Subclass to attorneys' fees as permitted by California Labor Code §§ 218.5 and 1194.

///

**CONSOLIDATED COMPLAINT**

87.     In addition, if Plaintiffs succeed in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to California Plaintiffs and against Defendants under California Code of Civil Procedure § 1021.5 and other applicable law in part because:

a.      A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendants to comply with the wage and hour laws and California's unfair business practice law;

b.      This action will result in a significant benefit to Plaintiffs, the Plaintiff Classes, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

c.      Unless this action is prosecuted, members of the Plaintiff Classes and general public will not recover those monies, and many of Defendants' employees would not be aware that they were victimized by Defendants' wrongful acts and practices;

d.      Unless this action is prosecuted, Defendants will continue to mislead its employees about the true nature of their rights and remedies under the wage and hour laws; and

e.      An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiffs, the Plaintiff Classes, and to consumers in general by preventing Defendants from continuing to circumvent the wage and hour statutes and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by considerations of waiver, contributory negligence, good or bad faith,

**CONSOLIDATED COMPLAINT**

and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

**D.**      **Fourth Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Minimum Wage Requirements (Cal. Lab. Code § 1194).**

88.      Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

89.      In addition to the FLSA, Plaintiffs seek to represent the proposed Rule 23 California Class or California Minimum Wage Subclass as a basis to enforce equal or greater protections for wages owed that are offered by various State labor laws and local regulations as set forth above, for the California Class. Because the practices alleged herein are uniform, systematic and continuous and affect each member of the California Class in a legally identical way, California Plaintiffs, at the appropriate time will move to certify the Rule 23 California Class and/or California Minimum Wage Subclass to the extent permitted by Rule 23.

90.      Under Labor Code § 1194, commissioned employees must be separately paid the minimum wage for time spent on "non-commission-producing" activities or "non-sell time" work. *Balasanyan v. Nordstrom, Inc.,* 913 F.Supp.2d 1001, 1007 (S.D. Cal. Dec. 20, 2012). Commissions can only compensate for "commission producing activities." *Id.* at p. 1006. Commissions cannot be used to compensate for time during which employees cannot earn a commission—that time must be compensated with a separate hourly rate. *Id.* at pp. 1006-1007. A California employer cannot average an employee's compensation over the total number of hours worked to determine compliance with minimum wage obligations. *Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314, 323-324 (2005) (employees must be compensated the minimum wage for "non-productive time"); *Cardenas v. McLane FoodServices, Inc.,* 796

**CONSOLIDATED COMPLAINT**

F.Supp.2d 1246, 1252-1253 (C.D. Cal. Jul. 8, 2011) (employees must be paid a separate hourly rate for pre-and-post shift duties not covered by the piece-rate formula); *Balasanyan, supra,* 913 F.Supp.2d at p. 1007; *Gonzalez v. Downtown LA Motors, LP,* 215 Cal.App.4th 36, 48-49 (2013) (employees paid on a piece-rate basis must be paid a separate hourly rate for "non-repair tasks"). "The *Armenta* line of cases is quite clear: employees must be directly compensated at least minimum wage for all time spent on activities that do not allow them to *directly* earn wages." *Balasanyan, supra,* 913 F.Supp.2d at 1007 (emphasis added). And more recently, the California Supreme Court held that commissions earned in one pay period cannot be reassigned to other pay periods to meet California's strict wage and hour requirements. *Peabody v. Time Warner Cable, Inc.*, 174 Cal.Rptr.3d 287 (2014), 328 P.3d 1028 (2014).

91. California Plaintiffs and the proposed California Class were at all times subject to state laws and regulations protecting the employees' entitlement to be paid and presumption to be paid the state minimum wage for hours worked.

92. California law requires employers, such as Defendants, to pay minimum wage compensation to all nonexempt employees for each and every hour worked. California Labor Code § 1194 provides that employees are entitled to wages and compensation for work performed, at the legal rate, including straight time, overtime, and double time.

93. California Labor Codes §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

94. At all relevant times herein, Defendants were required to compensate California Plaintiffs and the members of the California Class for all hours worked pursuant to California Labor Code § 1194.

95. By engaging in the time automatic deduction policy and practice of forcing Personal Trainers to work off the clock, Defendants were able to skim wages from employees

**CONSOLIDATED COMPLAINT**

for those pay periods during which minimum wage draws and business losses were deducted from the wages of the Personal Trainers, and for those workdays Personal Trainers worked off the clock. This resulted, on many occasions, in reduced hourly pay and hence violation of the minimum wage requirements. By use of this system, hundreds if not thousands, of dollars of wages, were illegally deducted from the wages of Plaintiffs and the California Minimum Wage Subclass, or they were not paid at all. By the course of conduct set forth above, Defendants violated the minimum wage requirements as set forth in California Labor Code § 1194.

96. California Plaintiffs are informed and believe and based thereupon allege that the result of the policy and practice caused damage in the nonpayment of minimum wages to themselves and the proposed California Class or California Minimum Wage Subclass in an amount according to proof at trial.

97. California Plaintiffs are informed and believe that the nonpayment of wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

98. California Plaintiffs are informed and believe that the nonpayment of minimum wages for all hours worked also entitles California Plaintiffs and the proposed California Class or California Minimum Wage Subclass to attorneys' fees and costs, liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2.

**E. Fifth Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Overtime Laws (Labor Code §§ 510 and 1194).**

99. Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

100. In addition to the FLSA, California Plaintiffs seek to represent the proposed California Class or California Overtime Subclass as a basis to enforce equal or greater protections

**CONSOLIDATED COMPLAINT**

for wages owed that are offered by State labor laws and local regulations as set forth above, for the California Class. Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the California Class in a legally identical way, California Plaintiffs, at the appropriate time will move to certify the California Class or California Overtime Subclass to the extent permitted by Rule 23.

101. California Plaintiffs and the proposed California Class were at all times subject to state laws and regulations protecting the employees' entitlement to be paid and presumption to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified, without limitation, by Cal. Labor Code §§ 510, 1194 and applicable California Code of Regulations. Neither the "Outside Salesperson" or "Inside Salesperson" exemptions to overtime apply to the Personal Trainers.

102. There are two types of commission exemptions: the "outside salesperson" exemption and the "inside salesperson" exemption. An "outside salesperson" is someone who customarily and regularly works *more than half of his or her working time* away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts for products or services. *See* 8 Cal.C.Regs. § 11010 *et seq.* (see "Applicability" and "Definitions" paragraphs); *see also Ramirez v. Yosemite Water Co., Inc.*, 20 Cal.4th 785, 796 (1999); and Lab. Code § 1171. And the "inside salesperson" exemption requires the satisfaction of two elements — (1) earnings exceeding 1½ times the minimum wage and (2) commissions representing more than 50% of compensation. *See* 8 Cal.C.Regs. §§ 11040, subd. 3(D).

103. During the California Time Period, the Personal Trainers did not customarily and regularly work *more than half of their working time* away from the fitness centers selling services or products to customers. The Trainers worked inside the fitness centers primarily engaged in training individuals or clients and keeping the fitness centers clean. In addition, because Defendants illegally deducted draws and other business losses from the wages of the Personal Trainers, their regular rate of pay fell below 1½ times the minimum wage and their commissions

**CONSOLIDATED COMPLAINT**

earned did not constitute more than 50% of their compensation. Accordingly, the Personal Trainers are entitled to overtime during the Relevant Time Periods.

104. California law requires employers, such as Defendants, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day. Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work. This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

105. Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

106. Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

107. As set forth above, California Plaintiffs and the members of the California Class were entitled to be paid overtime compensation for all overtime hours worked. California Plaintiffs, and each of them, were regularly required to work overtime during the proposed California Class Period, but were denied payment of overtime or premium wages.

108. Throughout the California Class Period, California Plaintiffs and the members of the California Class worked in excess of 8 hours in a workday and/or 40 hours in a workweek. California Plaintiffs and members of the California Class also worked in excess of 12 hours in a workday and seven consecutive days in a workweek.

109. During the California Class Period, Defendants did not pay California Plaintiffs and members of the California Class overtime pay for overtime hours worked.

110. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, California Plaintiffs and members of the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to

CONSOLIDATED COMPLAINT

be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

    **F.**    **Sixth Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Meal and Rest Break Requirements (Cal. Lab. Code §§ 226.7, 512).**

    111.    Plaintiffs reallege and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

    112.    California Labor Code §226.7(a) provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

    113.    California Labor Code § 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

    114.    California Labor Code §512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

    115.    California Labor Code § 516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

    116.    Section 11(A) of the IWC Wage Order(s) provides that "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only

**CONSOLIDATED COMPLAINT**

when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

117. Section 11(B) of the IWC Wage Order(s) provides that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

118. The members of the California Class or California Meal Period Subclass consistently worked over five hours per shift and therefore were entitled to a meal period of not less than 30 minutes prior to exceeding five hours of employment. The members of the California Class or California Meal Period Subclass did not waive their meal periods, by mutual consent with Defendants or otherwise. The members of the California Class or California Meal Period Subclass did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

119. Similarly, California Plaintiffs and members of the California Class or California Rest Period Subclass were entitled to be authorized and permitted paid, duty-free, uninterrupted 10 minute rest periods for every four hours worked (or every major fraction thereof) or be paid for one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

120. Defendants failed to comply with the required meal periods and rest periods established by California Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of the applicable IWC Wage Order. Indeed, Defendants have no policy or procedure to provide the members of the California Class or California Meal Period Subclass with a legal meal period and as such impeded, discouraged and/or dissuaded the members of the California Class and California Meal Period Subclass from taking legal meal periods. Defendants also did not have a policy or procedure to provide, authorize or permit compliant rest periods, nor did it pay a "premium wage" for missed, short, late or interrupted rest periods.

**CONSOLIDATED COMPLAINT**

121.     Further, Defendants knew or should have known that the members of the California Meal Period Subclass and/or the Rest Period Subclass were working during their meal periods and/or rest periods but Defendants did not take steps to address the situation.  Therefore, the members of the California Class or California Meal Period and Rest Period Subclasses were effectively deprived of their legally requisite meal and rest periods.

122.     Pursuant to Section 11(B) and Section 12 of the applicable IWC Wage Order and California Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the California Class or California Meal Period and Rest Period Subclasses are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each work day that the meal or rest period was not provided, in a sum to be proven at trial.

123.     Pursuant to California Labor Code § 218.6 and Civil Code § 3287, the members of the California Class or California Meal Period and Rest Period Subclasses seek recovery of prejudgment interest on all amounts recovered herein.

124.     California Plaintiffs limit the recovery of "premium wages" to one hour of pay per day for any missed, short, late, or uninterrupted meal period and to one hour of pay for each employee at their respective regular rate of pay for any hour of pay for each employee at their respective regular rate of pay for any missed, short, late, or uninterrupted rest period, as demonstrated by the Division of Labor Standards Enforcement Policy Manual guidelines, for a maximum recovery of two premium wages payment per employee per day.

**G.      Seventh Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Prohibition Against the Forfeiture of Vested Vacation Wages (Labor Code § 227.3).**

**CONSOLIDATED COMPLAINT**

125.     Plaintiffs reallege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

126.     California Labor Code § 227.3 states, in pertinent part, that "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment of employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination."

127.     During the proposed California Class Period, Defendants engaged in patterns, policies and practices of forfeiting earned and vested vacation earnings from the wages of the members of the California Vacation Wages Subclass at the end of each calendar year.

128.     By engaging in this illegal forfeiture policy and practice, Defendants were able to skim wages from employees for each calendar year in which they earned vacation days but did not use at the end of the calendar year.  In addition, Defendants did not implement a policy, practice, or procedure to allow for employees to recapture the lost vacation earnings when it was improperly deducted from their total vacation days earned, but not used, during the California Class Period.  By use of this illegal system, thousands of dollars were forfeited by Defendants' actions.

129.     California Plaintiffs are informed and believe that this illegal vacation policy and practice violate California Labor Code § 227.3 by operating as a forfeiture of vested vacation wages.

130.     California Plaintiffs are informed and believe and based thereupon allege that the result of this policy and practice caused damage in the underpayment of regular wages to members of the Vacation Wages Subclass in an amount according to proof.

131.     California Plaintiffs are informed and believe that the underpayment of wages is fixed and ascertainable on a classwide basis such that prejudgment interest on this wages is

**CONSOLIDATED COMPLAINT**

recoverable.

132. California Plaintiffs are informed and believe that the underpayment of wages and illegal forfeiture by Defendants also entitle California Plaintiffs and members of the Vacation Wages Subclass to attorneys' fees as permitted by California Labor Code § 218.5 and other provisions of the California Labor Code.

133. In addition, if California Plaintiffs succeed in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to California Plaintiffs and the members of the Vacation Wages Subclass and against Defendants under C.C.P. § 1021.5 and other applicable law in part because:

    a.    A successful outcome in this action will result in enforcement of important rights affecting the public interest by requiring Defendants to comply with the wage-and-hour laws and California's unfair business practice law;

    b.    This action will result in a significant benefit to California Plaintiffs, the members of the Vacation Wage Subclass, and the general public by bring to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

    c.    Unless this action is prosecuted, members of the California Vacation Wage Subclass and general public will not recover those monies, and many of Defendants' employees would not be aware that they were victimized by Defendants' wrongful acts and practices;

    d.    Unless this action is prosecuted, Defendants will continue to mislead its employees about the true nature of their rights and remedies under the wage and hour laws; and

    e.    An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to California Plaintiffs, the California Vacation Wages Subclass, and to consumers in general by

**CONSOLIDATED COMPLAINT**

preventing Defendants from continuing to circumvent the wage and hour statues and frustrate the substantive guarantees to individual workers.

**H.**    **Eighth Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Timely Payment Requirements (Cal. Labor Code §§ 201, 202, 203).**

134.    Plaintiffs reallege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

135.    California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

136.    All members of the California Class who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.  More than 30 days have passed since certain members of the California Class left Defendants' employ.

137.    As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the members of the California Class whose employment ended during the California Class Period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**I.**    **Ninth Claim For Relief Brought by California Plaintiffs, on Behalf of Themselves And The California Class, Against Defendants For Violating California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*).**

///

138.    Plaintiffs reallege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

139.    Defendants' failure to pay the minimum wage, all overtime wages for all work performed, failure to pay premium pay premium wages for noncompliant meal and rest periods, and forfeiture of vested vacation wages, constitute unlawful activity, acts and practices that are prohibited by California Business & Professions Code §§ 17200, *et seq.*  The actions of Defendants described above constitute false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code §§ 17200, *et seq.*  Defendants have violated not only the FLSA in regards to minimum wage and overtime, but also multiple provisions of California law and applicable regulations and Orders of the IWC, that have the same force and effect of a violation of law.  This includes, without limitation, 29 U.S.C §§ 201, *et seq.*, and California Labor Code §§ 210-203, 226.7, 227.3, 558, 1194, and 1198, which serve as statutory predicates for which restitution and disgorgement are owed by Defendants.

140.    California Plaintiffs and members of the California Class or California UCL Subclass are entitled to an injunction, restitution, and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

141.    As a result of these unlawful acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of California Plaintiffs and the members of the California Class, and the proposed FLSA Class, Plaintiffs seek to represent.  Defendants should be enjoined from this activity and make restitution for these ill-gotten gains to restore to California Plaintiffs and the members of the California Class the wrongfully under-reimbursed amounts, underpaid wages and overtime pursuant to California Business and Professions Code § 17203 and specific performance of payment of penalties ordered under Business and Professions Code § 17202.

142.    California Plaintiffs are informed and believe, and based thereon alleges, that Defendants are unjustly enriched through the acts described above and that he and the proposed

Page 41

California Class have and continue to suffer irreparable prejudice by Defendants' unfair practices. Further, by engaging in such activities, Defendants are illegally operating at an advantage to other law abiding employers in the State of California and underpaying payroll and other applicable taxes that are collected by the State and local governmental entities in California.

143. The illegal conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. California Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, it will continue to fail to pay all minimum wages, overtime wages, fail to pay premium wages for meal and rest violations, continue to forfeit vested vacation wages, and fail to pay and avoid paying appropriate taxes, insurance, and unemployment withholdings.

144. California Plaintiffs will request that the Court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to fully pay all appropriate hourly and overtime rates of pay, and all wages due at termination, and requiring Defendants to provide accurate hourly wage statements.

**J.      Tenth Claim For Relief Brought by Illinois Plaintiffs, on Behalf of Themselves And The Illinois Class, Against Defendants For Violating Illinois' Minimum Wage Law ("IMWL") (820 ILCSv105/1, *et seq.*).**

145. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

146. As alleged above, Illinois Plaintiffs and members of the Illinois Class were consistently and uniformly not paid the minimum wage for all the work they performed during the course of their employment with Defendants. Defendants' policy and practice was to force Illinois Plaintiffs and members of the Illinois Class to work off the clock so Defendants would not have to pay them draw. Defendants' unlawful conduct was neither inadvertent, nor *de minimis*, but widespread, repeated and part of a pattern and practice of conduct affecting Illinois Plaintiffs and all members of the Illinois Class.

**CONSOLIDATED COMPLAINT**

147.    Defendants permitted, consented, and had actual or constructive knowledge the Illinois Plaintiffs and members of the Illinois Class were working off the clock because Defendants implemented the policy and practice of disciplining and punishing managers when Personal Trainers met the draw by deducting the draw from their wages.  This practice led to managers forcing and threatening Personal Trainers not to clock in and to work off the clock unless they were servicing a client.

148.    As a result of the foregoing, Illinois Plaintiffs and the members of the Illinois Class have been damaged in an amount to be determined at trial.  The IMWL contains a three-year statute of limitations regardless of whether the violation was willful (the "Illinois Class Period).  *See* 820 ILCS 105/12(a).  Therefore, the Illinois Plaintiffs and members of the Illinois Class are entitled to back wages and attorneys' fees and costs.

**K.      Eleventh Claim For Relief Brought by Illinois Plaintiffs, on Behalf of Themselves And The Illinois Class, Against Defendants For Violating Illinois' Wage Payment And Collection Act ("IWPCA") (820 ILCS § 115/1, *et seq.*).**

149.    Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

150.    Illinois Plaintiffs and members of the Illinois Class were not paid their wages for a significant amount of work for which were promised to be paid and that was performed in the course of their employment with Defendants.

151.    At all relevant times herein, Defendants were "employer[s]" as defined in the IWPCA, 820 ILCS 115/1, *et seq.*, and Illinois Plaintiffs and similarly situated persons were "employee[s]" within the meaning of the IWPCA.  Defendants were at all times aware of their obligation to pay its hourly employees for all time they worked, including unused vacation time, and are aware of the compensation actually paid to Illinois Plaintiffs and the Illinois Class.

152.    Defendants agreed to compensate its employees, including Illinois Plaintiffs and members of the Illinois Class, for all time worked.  However, Defendants instituted practices that resulted in its employees working certain time without compensation.  The Illinois Plaintiffs and

members of the Illinois Class were instructed by their supervisors to "punch out," but to continue to work off the clock, or were unknowingly clocked out, or their time was reduced by supervisors. In any event, the result was that Defendants failed to compensate Illinois Plaintiffs and the members of the Illinois Class for all the time they worked, including overtime.

153.    Therefore, Illinois Plaintiffs and the members of the Illinois Class are entitled to unpaid wages, and attorneys' fees and costs.

**L.      Twelfth Claim For Relief Brought by Illinois Plaintiffs Against Defendants For Violating The FLSA's Anti-Retaliation Provision (29 U.S.C. § 215(a)).**

154.    Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein

155.    The FLSA contains a strong "anti-discrimination" or other anti-retaliation provision protecting employees who have asserted their rights under the law.  Section 215(a) of the FLSA provides as follows:

> [I]t shall be unlawful for any person * * * to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

156.    The Illinois Plaintiffs complained to management about the illegal wage practices alleged above.  After the complaints, the Illinois Plaintiffs were terminated by Defendants.  The Illinois Plaintiffs were terminated for raising concerns about their rights under the FLSA; therefore there is a causal connection between the protected activity and the adverse employment action.

157.    As a result of Defendants' retaliated against the Illinois Plaintiffs in violation of the FLSA's anti-retaliation provisions  the Illinois Plaintiffs  are entitled to, among other things, back pay, attorneys' fees and costs, and other forms of relief necessary to make the Illinois Plaintiffs whole.

CONSOLIDATED COMPLAINT

## IX. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Plaintiff Classes they seek to represent, pray for relief as follows:

1. For an order certifying that the First Claim for Relief of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims;

2. For an order certifying that the Second through Ninth Claims for Relief be maintained as a class action pursuant to Rule 23 on behalf of the members of the California Class and/or California Subclasses who were either employed or who performed work in the State of California during the California Class Period and that notice of the pendency of this action be provided to members of the California Class and/or Subclasses;

3. For an order certifying that the Tenth through Eleventh Claims for Relief be maintained as a class action pursuant to Rule 23 on behalf of the members of the Illinois Class and/or Illinois Subclasses who were either employed or who performed work in the State of Illinois during the Illinois Class Period and that notice of the pendency of this action be provided to members of the Illinois Class and/or Subclasses;

4. Designation of Plaintiffs as the Class Representative for the FLSA Class;

5. Designation of the California Plaintiffs as the Class Representatives for the California Class and/or Subclasses;

6. Designation of the Illinois Plaintiffs as the Class Representatives for the Illinois Class and/or Subclasses;

7. Designation of Plaintiffs' attorneys as Class Counsel for both the FLSA Class, California Class and/or Subclasses, and/or Illinois Class and/or Subclasses;

**CONSOLIDATED COMPLAINT**

8.    A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

9.    Appropriate equitable relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

10.   Restoration of all business losses and shortages improperly deducted by Defendants;

11.   For an award of unpaid minimum wages and liquidated damages in an amount equal to the amount unlawfully unpaid pursuant to the FLSA and California Labor Code §§ 1194 and 1194.2;

12.   For an award of unpaid Federal minimum wages for each hour worked as required by the FLSA, 29 U.S.C. §206;

13.   For an award of unpaid California minimum wages for each hour worked as required by California Labor Code § 1194;

14.   All unpaid overtime as calculated by the applicable provision of the FLSA, 29 U.S.C. §§ 201 *et seq.*, and applicable regulations promulgated in the Code of Federal Regulations and/or opinions and directives of the Department of Labor;

15.   All appropriate state and federal statutory penalties;

16.   An award of compensatory damages to the extent available, liquidated damages pursuant to the FLSA, and restitution to be paid by Defendants according to proof;

17.   Unpaid overtime premium compensation as provided by California and Illinois law for overtime hours worked;

18.   Compensation at the rate of one hour of regular pay for each instance in which a member of the California Class worked through a rest break or was not provided a proper rest break for every four hours worked;

19.   Compensation at the rate of one hour of regular pay for each instance in which a

**CONSOLIDATED COMPLAINT**

member of the California Class worked through a meal period or was not given a proper meal period;

20. For an award of vested vacations wages that were forfeited by Defendants in violation of Labor Code 227.3 and the Illinois Wage Payment and Collection Act;

21. Labor Code § 203 penalties;

22. Damages and penalties pursuant to Labor Code §§ 226(a) and 226.3;

23. For an order that Defendants make restitution to the California Plaintiffs and the California Class due to its unlawful business practices, including unlawfully-collected compensation pursuant to California Business and Professions Code §§ 17203 and 17204;

24. Pre-Judgment and Post-Judgment interest, as provided by law;

25. Such other equitable relief as the Court may deem just and proper; and

26. Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code §§ 218.5, 1194, California Code of Civil Procedure § 1021.5, and other applicable state laws and as permitted by the FLSA.

## X.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional a right to jury trial.

Dated: January 15, 2015                     **BISNAR|CHASE LLP**

By: _/s/ Jerusalem F. Beligan_
BRIAN D. CHASE (*pro hac vice pending*)
JERUSALEM F. BELIGAN (*pro hac vice*)

**BRANIGAN ROBERTSON, INC.**

By: _/s/ Branigan Robertson_
BRANIGAN ROBERTSON (*pro hac vice*)

By: _/s/ Michael L. Fradin_
MICHAEL L. FRADIN, Attorney at Law
Attorneys for Plaintiffs and Putative Classes

**CONSOLIDATED COMPLAINT**

# EXHIBIT A

1  Brian D. Chase, Esq. (SBN 164109)
2  bchase@bisnarchase.com
   Jerusalem F. Beligan, Esq. (SBN 211258)
3  jbeligan@bisnarchase.com
4  BISNAR|CHASE LLP
   1301 Dove Street, Suite 120
5  Newport Beach, California 92660
6  Telephone: 949.752.2999
   Facsimile: 949.752.2777
7
8  Branigan A. Robertson, Esq. (SBN 284528)
   branigan@brobertsonlaw.com
9  BRANIGAN ROBERTSON, INC.
   8001 Irvine Center Drive, Suite 1170
10 Irvine, CA 92618
11 Telephone: 949. 667.3025
   Facsimile: 949.242.9853
12
13 Attorneys for Plaintiff and Putative Class

14            UNITED STATES DISTRICT COURT

15           CENTRAL DISTRICT OF CALIFORNIA

16

17 JOHN CHRISPENS, individually,        Case No.
   and on behalf of all others similarly
18 situated,                            COLLECTIVE AND CLASS
                                         ACTION
19              Plaintiff,
                                         CONSENT TO JOIN FLSA
20     vs.                               COLLECTIVE ACTION
                                         PURSUANT TO 29 U.S.C. § 216(b)
21
   LIFE TIME FITNESS, INC., a
22 Minnesota corporation; and DOES 1
23 through 10, inclusive,

24              Defendants.

25

26

27

28

TO THE COURT, AND TO EACH PARTY AND COUNSEL OF RECORD HEREIN, PLEASE TAKE NOTICE:

By my signature below, I hereby give my consent to be a plaintiff in the above-captioned action. I want to join the lawsuit entitled: *JOHN CHRISPENS, individually, and on behalf of all others similarly situated, vs. LIFE TIME FITNESS, INC., a Minnesota corporation; and DOES 1 through 10, inclusive*, in order to seek unpaid wages against LIFETIME FITNESS, INC. under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), related to my employment with the aforementioned company.

I, therefore, authorize the filing and prosecution of the action in my name. By consenting to this action, I agree to be bound by all decisions which the Court shall make in connection with this matter. I choose to be represented in this matter by the law firms of BISNAR|CHASE LLP, BRANIGAN ROBERTSON, INC., and other attorneys with whom they may associate in this action.

At the time of signing this document, I was over eighteen (18) years of age and was a resident of the State of California at the time of execution.

SIGNATURE: _____
(Sign Your Name)

PRINTED NAME:   John Chrispens IV
(Print Your Name)

DATE SIGNED:   07/03/2014
(MM/DD/YYYY)

CONSENT TO JOIN ACTION

1           To opt in to this collective action, fill out this form and mail, fax, or e-

2    mail it to:

3

4                           **BISNAR|CHASE LLP**

                        Brian D. Chase, Esq.

5                       *bchase@bisnarchase.com*

                 Jerusalem F. Beligan, Esq.

6                      *jbeligan@bisnarchase.com*

7                   1301 Dove Street, Suite 120

8                Newport Beach, California 92660

                Telephone: 949.752.2999

9                   Facsimile: 949.752.2777

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT TO JOIN ACTION

# EXHIBIT B

1  Brian D. Chase, Esq. (SBN 164109)
2  bchase@bisnarchase.com
   Jerusalem F. Beligan, Esq. (SBN 211258)
3  jbeligan@bisnarchase.com
4  BISNAR|CHASE LLP
   1301 Dove Street, Suite 120
5  Newport Beach, California 92660
6  Telephone: 949.752.2999
   Facsimile: 949.752.2777
7
8  Branigan A. Robertson, Esq. (SBN 284528)
   branigan@brobertsonlaw.com
9  BRANIGAN ROBERTSON, INC.
10 8001 Irvine Center Drive, Suite 1170
   Irvine, CA 92618
11 Telephone: 949. 667.3025
   Facsimile: 949.242.9853
12
13 Attorneys for Plaintiff and Putative Class

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17 JOHN CHRISPENS; GREGORY GENTILE; MAI HENRY; individually, and on behalf of all others similarly situated, | Case No. |
| 18 | **COLLECTIVE AND CLASS ACTION** |
| 19                    Plaintiffs, | |
| 20         vs. | **CONSENT TO JOIN FLSA COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| 21 LIFE TIME FITNESS, INC., a Minnesota corporation; LTF CLUB MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive, | |
| 25 Defendants. | |

26

27

28

**CONSENT TO JOIN ACTION**

1  TO THE COURT, AND TO EACH PARTY AND COUNSEL OF

2  RECORD HEREIN, PLEASE TAKE NOTICE:

3  By my signature below, I hereby give my consent to be a plaintiff in the

4  above-captioned action. I want to join the lawsuit entitled: *JOHN CHRISPENS,*

5  *GREGORY GENTILE; MAI HENRY; individually, and on behalf of all others*

6  *similarly situated, vs. LIFE TIME FITNESS, INC., a Minnesota corporation;*

7  *and DOES 1 through 10, inclusive*, in order to seek unpaid wages against

8  LIFETIME FITNESS, INC. under the federal Fair Labor Standards Act

9  ("FLSA"), 29 U.S.C. § 216(b), related to my employment with the

10  aforementioned company.

11  I, therefore, authorize the filing and prosecution of the action in my

12  name. By consenting to this action, I agree to be bound by all decisions which

13  the Court shall make in connection with this matter. I choose to be represented

14  in this matter by the law firms of BISNAR|CHASE LLP, BRANIGAN

15  ROBERTSON, INC., and other attorneys with whom they may associate in this

16  action.

17  At the time of signing this document, I was over eighteen (18) years of

18  age and was a resident of the State of California at the time of execution.

19

20

21  SIGNATURE:  _(Sign Your Name)_

22

23  PRINTED NAME:  GREG GENTILE
      _(Print Your Name)_

24

25  DATE SIGNED:  08/08/2014
      _(MM/DD/YYYY)_

26

27

28

---

**Page 2**

**CONSENT TO JOIN ACTION**

1   To opt in to this collective action, fill out this form and mail, fax, or e-

2   mail it to:

3

4   BISNAR|CHASE LLP
    Brian D. Chase, Esq.
5   *bchase@bisnarchase.com*
    Jerusalem F. Beligan, Esq.
6   *jbeligan@bisnarchase.com*
7   1301 Dove Street, Suite 120
    Newport Beach, California 92660
8   Telephone: 949.752.2999
    Facsimile: 949.752.2777
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONSENT TO JOIN ACTION**

# EXHIBIT C

1  Brian D. Chase, Esq. (SBN 164109)
   *bchase@bisnarchase.com*
2  Jerusalem F. Beligan, Esq. (SBN 211258)
3  *jbeligan@bisnarchase.com*
   BISNAR|CHASE LLP
4  1301 Dove Street, Suite 120
5  Newport Beach, California 92660
   Telephone: 949.752.2999
6  Facsimile: 949.752.2777
7
   Branigan A. Robertson, Esq. (SBN 284528)
8  *branigan@brobertsonlaw.com*
9  BRANIGAN ROBERTSON, INC.
   8001 Irvine Center Drive, Suite 1170
10 Irvine, CA 92618
11 Telephone: 949. 667.3025
   Facsimile: 949.242.9853
12
13 Attorneys for Plaintiff and Putative Class

14         **UNITED STATES DISTRICT COURT**

15         **CENTRAL DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17  JOHN CHRISPENS; GREGORY GENTILE; MAI HENRY; individually, and on behalf of all others similarly situated,<br>19<br>Plaintiffs,<br>20<br>vs.<br>21<br>22  LIFE TIME FITNESS, INC., a Minnesota corporation; LTF CLUB MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br>25<br>Defendants. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**CONSENT TO JOIN FLSA COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

26

27

28

**CONSENT TO JOIN ACTION**

TO THE COURT, AND TO EACH PARTY AND COUNSEL OF RECORD HEREIN, PLEASE TAKE NOTICE:

By my signature below, I hereby give my consent to be a plaintiff in the above-captioned action. I want to join the lawsuit entitled: *JOHN CHRISPENS, GREGORY GENTILE; MAI HENRY; individually, and on behalf of all others similarly situated, vs. LIFE TIME FITNESS, INC., a Minnesota corporation; and DOES 1 through 10, inclusive*, in order to seek unpaid wages against LIFETIME FITNESS, INC. under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), related to my employment with the aforementioned company.

I, therefore, authorize the filing and prosecution of the action in my name. By consenting to this action, I agree to be bound by all decisions which the Court shall make in connection with this matter. I choose to be represented in this matter by the law firms of BISNAR|CHASE LLP, BRANIGAN ROBERTSON, INC., and other attorneys with whom they may associate in this action.

At the time of signing this document, I was over eighteen (18) years of age and was a resident of the State of California at the time of execution.

SIGNATURE: _____
(Sign Your Name)

PRINTED NAME: MAI HENRY
(Print Your Name)

DATE SIGNED: 08/08/14
(MM/DD/YYYY)

**CONSENT TO JOIN ACTION**

1    To opt in to this collective action, fill out this form and mail, fax, or e-

2    mail it to:

3
                            BISNAR|CHASE LLP
4                            Brian D. Chase, Esq.
5                          *bchase@bisnarchase.com*
                           Jerusalem F. Beligan, Esq.
6                          *jbeligan@bisnarchase.com*
7                          1301 Dove Street, Suite 120
                         Newport Beach, California 92660
8                           Telephone: 949.752.2999
9                           Facsimile: 949.752.2777

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONSENT TO JOIN ACTION**

**EXHIBIT D**

BRIAN D. CHASE (*pro hac vice pending*)
bchase@bisnarchase.com
JERUSALEM F. BELIGAN (*pro hac vice*)
jbeligan@bisnarchase.com
BISNAR|CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone: 949/752-2999
Facsimile: 949/752-2777

BRANIGAN A. ROBERTSON (*pro hac vice*)
branigan@brobertsonlaw.com
BRANIGAN ROBERTSON
9891 Irvine Center Drive, Suite 200
Irvine, California 92618
Telephone: 949/667-3025
Facsimile: 949/242-9853

MICHAEL L. FRADIN
mike@fradinlaw.com
LAW OFFICE OF MICHAEL L. FRADIN
8401 Crawford Avenue, Suite 104
Skokie, Illinois 60076
Telephone: 847/644-3425
Facsimile: 847/673-1228

Attorneys for Plaintiffs and Putative Classes

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| JARED STEGER; DAVID RAMSEY; JOHN CHRISPENS; GREGORY GENTILE; MAI HENRY; individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LIFE TIME FITNESS, INC., a Minnesota corporation; LTF CLUB MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company; and LTF CLUB OPERATIONS COMPANY, INC., a Minnesota corporation; and DOES 1 to 10, inclusive, <br><br> Defendants. | Case No. 1:14-cv-06056 <br><br> **COLLECTIVE AND CLASS ACTION** <br><br> **CONSENT TO JOIN FLSA COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** <br><br> Hon. Sharon Johnson Coleman |

**CONSENT TO JOIN ACTION**

1  TO THE COURT AND TO EACH PARTY AND COUNSEL OF RECORD

2  HEREIN, PLEASE TAKE NOTICE:

3      By my signature below, I hereby give my consent to be a plaintiff in the above-

4  captioned action. I want to join the lawsuit entitled: *JARED STEGER; DAVID RAMSEY;*

5  *JOHN CHRISPENS, GREGORY GENTILE; MAI HENRY; individually, and on behalf of all*

6  *others similarly situated, vs. LIFE TIME FITNESS, INC., a Minnesota corporation; and*

7  *DOES 1 through 10, inclusive,* in order to seek unpaid wages against LIFETIME FITNESS,

8  INC. under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), related to

9  my employment with the aforementioned company.

10      I, therefore, authorize the filing and prosecution of the action in my name. By

11  consenting to this action, I agree to be bound by all decisions which the Court shall make in

12  connection with this matter. I choose to be represented in this matter by the law firms of

13  BISNAR|CHASE LLP, BRANIGAN ROBERTSON, INC., THE LAW OFFICES OF

14  MICHAEL L. FRADIN, and other attorneys with whom they may associate in this action.

15      At the time of signing this document, I was over eighteen (18) years of age and was a

16  resident of the State of _Illinois_ at the time of execution.

17  

18  

19  SIGNATURE: _____
                   (Sign Your Name)

20  PRINTED NAME: _DAVID RAMSEY_

21                            (Print Your Name)

22  DATE SIGNED: _01/13/14_

23                          (MM/DD/YYYY)

24  

25  

26  

27  

28  

**CONSENT TO JOIN ACTION**

01/13/2015 19:03 FAX         BISNAR & CHASE      949 762 2777     P.001/001
JAN-13-2015 17:07                                       TOTAL P.001
P.001/001

1

To opt in to this collective action, fill out this form and mail, fax, or e-mail it to:

2

3          BISNAR|CHASE LLP
           Brian D. Chase, Esq.
4          *bchase@bisnarchase.com*
           Jerusalem F. Beligan, Esq.
5          *jbeligan@bisnarchase.com*
           1301 Dove Street, Suite 120
6          Newport Beach, California 92660
           Telephone: 949.752.2999
7          Facsimile: 949.752.2777

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**CONSENT TO JOIN ACTION**

**EXHIBIT E**

1  BRIAN D. CHASE (*pro hac vice pending*)
   bchase@bisnarchase.com
2  JERUSALEM F. BELIGAN (*pro hac vice*)
   jbeligan@bisnarchase.com
3  BISNAR|CHASE LLP
   1301 Dove Street, Suite 120
4  Newport Beach, California 92660
   Telephone: 949/752-2999
5  Facsimile: 949/752-2777

6  BRANIGAN A. ROBERTSON (*pro hac vice*)          MICHAEL L. FRADIN
   branigan@brobertsonlaw.com                      mike@fradinlaw.com
7  BRANIGAN ROBERTSON                              LAW OFFICE OF MICHAEL L. FRADIN
   9891 Irvine Center Drive, Suite 200             8401 Crawford Avenue, Suite 104
8  Irvine, California 92618                        Skokie, Illinois 60076
   Telephone: 949/667-3025                         Telephone: 847/644-3425
9  Facsimile: 949/242-9853                         Facsimile: 847/673-1228

10 Attorneys for Plaintiffs and Putative Classes

11

12

13                  **UNITED STATES DISTRICT COURT**

14                  **NORTHERN DISTRICT OF ILLINOIS**

15  JARED  STEGER;  DAVID  RAMSEY;    Case No. 1:14-cv-06056
    JOHN     CHRISPENS;     GREGORY
16  GENTILE;  MAI  HENRY;  individually,  **COLLECTIVE AND CLASS ACTION**
    and  on  behalf  of  all  others  similarly
17  situated,                                      **CONSENT TO JOIN FLSA
                                                   COLLECTIVE ACTION PURSUANT**
18                  Plaintiffs,                    **TO 29 U.S.C. § 216(b)**

19
                       vs.                          Hon. Sharon Johnson Coleman
20
    LIFE TIME FITNESS, INC., a Minnesota
21  corporation; LTF CLUB MANAGEMENT
    COMPANY, LLC, a Delaware Limited
22  Liability  Company;  and  LTF  CLUB
    OPERATIONS   COMPANY,   INC.,   a
23  Minnesota corporation; and DOES 1 to 10,
    inclusive,
24
    Defendants.
25

26

27

28

                       **CONSENT TO JOIN ACTION**

1   TO THE COURT AND TO EACH PARTY AND COUNSEL OF RECORD

2   HEREIN, PLEASE TAKE NOTICE:

3   By my signature below, I hereby give my consent to be a plaintiff in the above-

4   captioned action. I want to join the lawsuit entitled: *JARED STEGER; DAVID RAMSEY;*

5   *JOHN CHRISPENS, GREGORY GENTILE; MAI HENRY; individually, and on behalf of all*

6   *others similarly situated, vs. LIFE TIME FITNESS, INC., a Minnesota corporation; and*

7   *DOES 1 through 10, inclusive,* in order to seek unpaid wages against LIFETIME FITNESS,

8   INC. under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), related to

9   my employment with the aforementioned company.

10  I, therefore, authorize the filing and prosecution of the action in my name. By

11  consenting to this action, I agree to be bound by all decisions which the Court shall make in

12  connection with this matter. I choose to be represented in this matter by the law firms of

13  BISNAR|CHASE LLP, BRANIGAN ROBERTSON, INC., THE LAW OFFICES OF

14  MICHAEL L. FRADIN, and other attorneys with whom they may associate in this action.

15  At the time of signing this document, I was over eighteen (18) years of age and was a

16  resident of the State of _____ IL _____ at the time of execution.

17

18

19  SIGNATURE:                    (Sign Your Name)

20  PRINTED NAME:                 Jared Steger

21                                (Print Your Name)

22  DATE SIGNED:                  01/15/2015

23                                (MM/DD/YYYY)

24

25

26

27

28

---

## CONSENT TO JOIN ACTION



1     To opt in to this collective action, fill out this form and mail, fax, or e-mail it to:

2

3                   BISNAR|CHASE LLP
                      Brian D. Chase, Esq.

4                 *bchase@bisnarchase.com*
                 Jerusalem F. Beligan, Esq.

5                 *jbeligan@bisnarchase.com*
               1301 Dove Street, Suite 120

6           Newport Beach, California 92660
             Telephone: 949.752.2999

7             Facsimile: 949.752.2777

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONSENT TO JOIN ACTION**

PAGE 83
P.003/003
949 752 2777
FEDEX OFFICE
1076
561-691-4436
BISNAR & CHASE
01/15/2015 18:50
JAN-16-2015 16:56