EXHIBIT 2

IN THE UNITED STATES DISTRICT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED STEGER; DAVID RAMSEY; JOHN CHRISPENS; and MAI HENRY, individually, and on behalf of all others similarly situated, | Case No.: 1:14-cv-06056 |
| Plaintiffs, | |
| vs. | **JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION** |
| LIFE TIME FITNESS, INC., a Minnesota corporation; LTF CLUB MANAGEMENT COMPANY, LLC, a Delaware Limited Liability Company; and LTF CLUB OPERATIONS COMPANY, INC., a Minnesota corporation; and DOES 1 to 10, inclusive, | |
| Defendants. | |

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION**

This Joint Stipulation of Class Action Settlement and Release of the California Litigation ("Settlement" or "Settlement Agreement") is made and entered into by and between California Named Plaintiffs John Chrispens and Mai Henry[1] ("California Named Plaintiffs", individually, and on behalf of all other similarly situated employees in the State of California, and Defendants Lifetime Fitness, Inc., LTF Club Management Company, LLC, and LTF Club Operations Company, Inc. ("Defendants") (collectively with Plaintiffs, the "Parties").

**DEFINITIONS**

The following definitions are applicable to the Settlement Agreement. Definitions contained elsewhere in the Settlement Agreement will also be effective:

1.    "Action" means and refers to the action styled *Jared Steger, et al., v. Lifetime Fitness Inc., et al.*, Case No. 1:14-cv-06056, currently pending in the United States District Court of the Northern District of Illinois – Eastern Division, before the Honorable Sharon Johnson Coleman (the "Court").

2.    "Operative Complaint" means and refers to the Consolidated Complaint filed on January 15, 2015 in the Action.

3.    "Mediator" means and refers to Mark S. Rudy, Esq.

4.    "California Litigation" means and refers to the portion of the Action that relates to causes of action brought under California law and the Fair Labor Standards Act ("FLSA") that relate to California Class Members, including without limitation: (a) violation of the FLSA as it relates to Plaintiffs and the California Class Members only (First Claim for Relief); (b) failure to provide accurate wage statements (Second Claim for Relief); (c) illegal deduction of business losses and shortages from wages (Third Claim for Relief); (d) failure to pay the minimum wage (Fourth Claim of Relief); (e) failure to pay overtime (Fifth Claim for Relief); (f) failure to provide meal and rest periods (Sixth Claim for Relief); (g) forfeiture of vested vacation wages (Seventh Claim for Relief); (h) failure to timely pay all wages upon resignation or termination of employment (Eighth Claim for Relief); and (i) violation of California's

---

[1] California Plaintiff Gregory Gentile dismissed his claims with prejudice on July 10, 2015.

Unfair Competition Law (Ninth Claim for Relief)

5. "California Class Period" means and refers to the period from August 12, 2010 through the date of Preliminary Approval.

6. "California Class Members" or "California Settlement Class" means and refers to all persons who were employed by Defendants in the State of California as a Personal Trainer and/or Pilates Instructor/Coordinator or similar nomenclature as defined in the Operative Complaint at any time during the California Class Period.

7. "Class List" means and refers to a complete list of all California Class Members whom will be sent a Notice Packet. Defendants will diligently and in good faith compile from their records a Class List which Defendants will provide to the Claims Administrator within ten calendar days after Preliminary Approval of this Settlement. The Class List will be formatted in a readable Microsoft Office Excel spreadsheet and will include each Class Member's full name, most recent mailing address and telephone number, Social Security number, dates of employment, and the respective number of Workweeks worked during the Class Period.

8. "Class Counsel" means and refers to Bisnar | Chase LLP, Branigan Robertson, Inc., and the Law Office of Michael Fradin.

9. "Gross Settlement Amount" or "GSA" means and refers to the maximum settlement amount of $700,000 to be paid by Defendants in full satisfaction of all claims related only to the California Litigation, including FLSA releases, that have been pled or could have been pled in the Action, which includes all Individual Settlement Payments to Participating California Class Members, the Class Representative Enhancement Payments to the California Named Plaintiffs, Claims Administration Costs to the Claims Administrator, and Class Counsel's Attorneys' Fees and Costs as defined herein.

10. "Net Settlement Amount" or "NSA" means and refers to the portion of the GSA remaining after deduction of the approved Class Representative Enhancement Payments, Claims Administration Costs, and Attorneys' Fees and Costs. The NSA will be distributed to Participating California Class Members. Plaintiffs and Defendants agree that a minimum of 50% of the NSA must be paid to Participating California Class Members. If the total Individual Settlement Payments equal less

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION**

than 50% of the NSA, the Claims Administrator will proportionately increase the Individual Settlement Payment for each Participating California Class Member to ensure that the total Individual Settlement Payments equals 50% of the NSA. Defendants' corporate payroll tax obligations will be paid out of any unclaimed funds of the NSA, if any should exist after notice is made to California Class Members.

11.    "Employer's Payroll Taxes" shall mean the employer portion of the payroll taxes (including but not limited to Federal and state unemployment insurance tax, and California Employment Training Tax, FICA and Medicare Contributions, as applicable), which will be paid out of any unpaid NSA funds.

12.    "Notice Packet" means and refers to the Notice of Settlement, Claim Form, and Exclusion Form, substantially in the forms attached hereto as Exhibits A, B, and C, respectively.

13.    "Individual Settlement Payment" means and refers to each California Class Member's share of the NSA, to be distributed to Participating California Class Members, the sum of which will be based on the proportionate number of Workweeks the California Class Member worked during the California Class Period in relation to the total Workweeks worked by all California Class Members during the California Class Period.

14.    "Participating California Class Members" means and refers to all California Class Members who submit valid and timely Claim Forms and who do not submit valid and timely Exclusion Forms.

15.    "Workweeks" means and refers to the number of weeks of employment that each California Class Member worked for Defendants in the State of California during the California Class Period. Defendants will determine the number of Workweeks by calculating the number of days each California Class Member worked for Defendants in the State of California during the California Class Period, dividing by seven, and rounding up to the nearest whole number.

16.    "Workweek Value" means and refers to the value of each Workweek, as determined by the formula set forth above.

17.    "Claim Form" means and refers to the document, substantially in the form attached hereto as Exhibit B, that California Class Members must complete and submit online, mail, or fax on or before

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION**

the Response Deadline in order to receive an Individual Settlement Payment. The date of the online submission, postmark on the mailing envelope, or fax will be the exclusive means to determine whether the Claim Form has been timely submitted.

18. "Exclusion Form" means and refers to the document, substantially in the form attached hereto as Exhibit C, that California Class Members must complete and submit online, mail, or fax on or before the Response Deadline in order to be excluded from this Settlement. The date of the online submission, postmark on the mailing envelope, or fax will be the exclusive means to determine whether the Exclusion Form has been timely submitted. A California Class Member who does not submit an Exclusion Form on or before the Response Deadline will be deemed a California Class Member and will be bound by all terms of the Settlement Agreement, if the Court grants final approval.

19. "Response Deadline" means and refers to the deadline by which California Class Members must timely submit the Claim Form, Exclusion Form, or file and serve a Notice of Objection to this Settlement. The Response Deadline will be 45 calendar days from the initial mailing of the Notice Packet by the Claims Administrator, unless the 45th day falls on a Sunday or federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open. The Response Deadline for Claim Forms or Exclusion Forms will be extended 15 calendar days for any California Class Member who is re-mailed a Notice Packet by the Claims Administrator, unless the 15th day falls on a Sunday or federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open. The Response Deadline may also be extended by express written agreement between Class Counsel and Defendants. Under no circumstances, however, will the Claims Administrator have the authority to unilaterally extend the deadline for California Class Members to submit a Claim Form, Exclusion Form, or Notice of Objection to this Settlement.

20. "Class Representative Enhancement Payments" means and refers to the amount to be paid to the California Named Plaintiffs in recognition of the risks they undertook and their effort and work in prosecuting the California Litigation on behalf of the California Class Members. Subject to the Court granting final approval of this Settlement, Class Counsel will request the Court to approve the sum of $10,000 to each California Named Plaintiff as a Class Representative Enhancement Payment. Any

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION

portion of the Class Representative Enhancement Payment not awarded to Plaintiffs will be reallocated to the NSA and proportionally distributed to Participating Class Members as defined, *supra*. In exchange for this enhancement, the California Named Plaintiff's will execute a separate general release.

21. "Claims Administrator" means and refers to ILYM Group, Inc. who will serve as the third-party claims administrator and who will charged with the obligation of administering the terms of this Settlement. The Parties each represent that they do not have any financial interest in the Claims Administrator or otherwise have a relationship with the Claims Administrator that could create a conflict of interest.

22. "Claims Administration Costs" means and refers to the costs payable from the GSA to the Claims Administrator for administering this Settlement including, but not limited to, printing, distributing, and tracking documents for this Settlement, calculating estimated amounts per California Class Member, tax reporting, distributing the GSA, and providing necessary reports and declarations, and other duties and responsibilities set forth herein to process this Settlement, and as requested by the Parties. The Claims Administration Costs will be paid from the GSA which the Claims Administrator has estimated will not exceed $20,000.

23. "Attorneys' Fees and Costs" means and refers to the attorneys' fees approved by the Court for Class Counsel's litigation and resolution of the California Litigation, and all costs incurred and to be incurred by Class Counsel in securing the Court's approval of this Settlement, administering the Settlement, and obtaining entry of the Judgment terminating the California Litigation. Class Counsel will request attorneys' fees not to exceed 35% of the GSA, or not to exceed $245,000. The Attorneys' Fees and Costs will also mean and include the additional reimbursement of any reasonable costs associated with Class Counsel's litigation and settlement of the California Litigation only, up to $50,000, subject to the Court's approval. Defendants have agreed not to oppose Class Counsel's request for fees and reimbursement of costs as set forth above. Any portion of the Attorneys' Fees and Costs not awarded to Class Counsel will be reallocated to the NSA and proportionately distributed to Participating California Class Members as set forth *supra*.

24. "Effective Date" is when the Settlement will become effective. The Settlement will become effective when all of the following events have occurred:

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION

24(a)     The Settlement has been executed by the California Named Plaintiffs, Class Counsel, Defendants, and counsel for Defendants; and

24(b)     The Court has held a fairness hearing and given Final Approval, if no objections have been submitted or, if submitted, not withdrawn; or

24(c)     If objections have been submitted by the time of final approval, but no appeal is filed, the expiration of the time for filing or noticing any appeal from the Court's order granting Final Approval; or

24(d)     If an appeal is timely filed, the later date of:

    (i)     The date upon which the appellate court affirms Final Approval of the material terms of the Settlement and dismissal with prejudice of the case becomes final, the expiration of the time to file a petition for review to the U.S. Supreme Court, and if review is granted, the date the U.S. Supreme Court's order affirming Final Approval of the material terms of the Settlement becomes effective; or

    (ii)    The time to seek review from the U.S. Supreme Court of any order described in the preceding paragraph has expired, unless the appellate court has remanded the proceeding to the trial court.

25.     "Notice of Objection" means and refers to a Class Member's valid and timely objection to this Settlement. For the Notice of Objection to be valid, it must be filed with the Court on or before the Response Deadline, in writing and must include: (a) the objector's full name, signature, address, and telephone number; (b) a written statement of all grounds for the objection accompanied by any legal support for such objection; and (c) copies of any papers, briefs, or other documents upon which the objection is based. The Response Deadline for the Notice of Objection will be extended 15 calendar days for any California Class Member who is re-mailed a Notice Packet by the Claims Administrator, unless the 15th day falls on a Sunday or federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.

26.     "Preliminary Approval" means and refers to the Court order granting preliminary approval of this Settlement.

27.    "Released Claims" means and refers to the claims that were pled or could have been pled in the California Litigation which arose during the California Class Period against Defendants, including without limitation, statutory, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, interest, restitution, equitable relief, or any other relief, including without limitation claims based on the following categories of allegations: (a) claims for violation of the FLSA as it relates to California Class Members only; (b) claims for wage statement violations; (c) claims for illegal deduction of business losses and shortages; (d) claims for the nonpayment of the minimum wage; (e) claims for unpaid overtime; (f) claims for meal and rest period violations; (g) claims for the forfeiture of vested vacation wages; (h) claims for the failure to timely pay wages upon discharge or termination of employment; and (i) claims for violation of California's Business & Professions Code § 17200, *et seq*.

28.    "Released Parties" means Defendants and any of its former and present parents, subsidiaries, affiliates, divisions, corporations in common control, predecessors, successors, dba's and assigns, as well as all past and present officers, directors, employees, partners, shareholders and agents, attorneys, insurers, reinsurers and any other successors, assigns, or legal representatives, spouses, heirs, beneficiaries, estates, executors, administrators, personal representatives, trustees, and any natural, legal or juridical person or entity acting on behalf of or having liability in respect of Defendants in their respective capacities as such, if any.

### TERMS OF AGREEMENT

Plaintiffs, on behalf of themselves and the California Settlement Class, and Defendants, agree as follows:

29.    <u>Funding of the GSA</u>. Within 15 calendar days after the Effective Date, the Claims Administrator will provide the Parties with an accounting of the amounts to be paid by Defendant pursuant to the terms of the Settlement Agreement. As soon as practicable, but no less than 30 calendar days after the Effective Date or the date the Claims Administrator provides the accounting of the amounts to be paid, whichever is later, Defendants will make a one-time deposit of all Court approved and claimed amounts from the GSA into a Qualified Settlement Account ("QSA") to be established by the Claims Administrator. Within fifteen (15) calendar days of the funding of this Settlement, the Claims

1    Administrator will issue the following payments: (a) Individual Settlement Payments to Participating

2    Class Members; (b) Class Representative Enhancement Payments; and (c) Class Counsel Attorneys' Fees

3    and Costs.  The Claims Administrator will also issue a payment to itself for Court-approved services

4    performed in connection with administering this Settlement at the same time.

5        30.    Attorneys' Fees and Costs.  Defendants agree not to oppose or impede any application or

6    motion by Class Counsel for attorneys' fees of not more than 35% of the GSA or not more than $245,000,

7    plus the reimbursement of costs associated with Class Counsel's litigation and settlement of the California

8    Litigation, not to exceed $50,000, both of which will be paid from the GSA.

9        31.    Class Representative Enhancement Payments.  In exchange for their additional general

10   release, and in recognition of their effort and work in prosecuting the California Litigation on behalf of the

11   California Class Members, Defendants agree not to oppose or impede any application or motion for Class

12   Representative Enhancement Payments of $10,000 to each California Named Plaintiff.  The Class

13   Representative Enhancement Payments will be paid from the GSA and will be in addition to Plaintiffs'

14   Individual Settlement Payments paid pursuant to this Settlement.  Plaintiffs will not be required to submit

15   a Claim Form to receive their Individual Settlement Payments.  Plaintiffs will be solely and legally

16   responsible to pay any and all applicable taxes on the Class Representative Enhancement Payments and

17   will indemnify and hold Defendants harmless from any claim or liability for taxes, penalties, or interest

18   arising as a result of such payment.

19       32.    Settlement Awards Do Not Trigger Additional Benefits.  All settlement awards to Class

20   Members shall be deemed to be paid to such Class Members solely in the year in which such payments

21   actually are received by the Class Members.  It is expressly understood and agreed that the receipt of such

22   individual settlement awards will not entitle any Class Member to additional compensation or benefits

23   under any company bonus, contest or other compensation or benefit plan or agreement in place during the

24   period covered by the Settlement, nor will it entitle any Class Member to any increased retirement, 401K

25   benefits or matching benefits, or deferred compensation benefits.  It is the intent of this Settlement that the

26   individual settlement awards provided for in this Settlement are the sole payments to be made by

27   Defendant to the Class Members, and that the Class Members are not entitled to any new or additional

28

compensation or benefits as a result of having received the individual settlement awards (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement)

33.　Claims Administration Costs.　The Claims Administrator will be paid for the reasonable costs of administration of this Settlement and distribution of payments from the GSA, which are currently estimated not to exceed $20,000.　This cost, which will be paid from the GSA, will include, *inter alia*, the required tax reporting on the Individual Settlement Payments, the issuing of 1099 and W-2 IRS Forms, distributing the Notice Packet, compiling and reporting on Claim Forms, Exclusion Forms or Notice of Objections, calculating and distributing the GSA, making any other payments required hereunder, and providing necessary reports and declarations.　Any portion of the estimated or designated Claims Administration Costs which are not in fact required to fulfill the total Class Administration Costs will become part of the NSA.

34.　Net Settlement Amount.　The NSA will be used to satisfy Individual Settlement Payments to Participating California Class Members in accordance with the terms of this Settlement.　If the total claimed Individual Settlement Payments equal less than 50% of the NSA, the Claims Administrator will proportionately increase the Individual Settlement Payment for each Participating California Class Member so that the amount actually distributed to Participating California Class Members equals at least 50% of the NSA.

35.　Individual Settlement Payment Calculations.　Individual Settlement Payments will be calculated and apportioned from the NSA based on the number of Workweeks a California Class Member worked during the California Class Period.　Specific calculations of Individual Settlement Payments will be made as follows:

35(a)　Defendants will calculate the number of Workweeks worked by each California Class Member ("Individual Workweeks") and the number of Workweeks worked by all California Class Members ("Class Workweeks") during the California Class Period.

35(b)　To determine each California Class Member's Individual Settlement

**Joint Stipulation of Class Action Settlement and Release of the California Litigation**

Payment, the Claims Administrator will use the following formula:

Individual Settlement Payment = (Individual Workweeks ÷ Class

Workweeks) × NSA.

35(c)   If the total Individual Settlement Payments actually claimed by Participating

California Class Members equals less than 50% of the NSA, the Individual

Settlement Payments will proportionately increase for each Participating

California Class Member submitting a Claim Form such that the total

Individual Settlement Payments equal not less than 50% of the NSA.

35(d)   The Individual Settlement Payment will be reduced by any required

deductions for each Participating California Class Members as set forth

herein, including employee tax withholdings or deductions.

36.   Claims Administration Process. The Parties agree to cooperate in the administration of this Settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of this Settlement.

37.   Delivery of the Class List. Within fourteen (14) calendar days of Preliminary Approval, Defendants will provide the Class List to the Claims Administrator.

38.   Notice by First-Class U.S. Mail. Within 10 calendar days after receiving the Class List from Defendants, the Claims Administrator will mail a Notice Packet to all Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses from the Class List.

39.   Confirmation of Contact Information in the Class List. Prior to mailing, the Claims Administrator will perform a search based on the National Change of Address Database or any other similar services available, such as provided by Experian, for information to update and correct for any known or identifiable address changes. Any Notice Packets returned to the Claims Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto and the Claims Administrator will indicate the date of such re-mailing on the Notice Packet. If no forwarding address is provided, the Claims Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name,

1    address and/or Social Security number of the California Class Member involved, and will then perform a

2    single re-mailing. Those California Class Members who receive a re-mailed Notice Packet, whether by

3    skip-trace or by request, will have an additional 15 days from the Response Deadline to submit a Claim

4    Form, Exclusion Form, or Notice of Objection to the Settlement.

5         40.    Notice Packets. All California Class Members will be mailed a Notice Packet. Each

6    Notice Packet will provide: (a) information regarding the nature of the California Litigation ; (b) a

7    summary of this Settlement's principal terms; (c) the California Settlement Class definition; (d) the total

8    number of Workweeks each respective California Class Member worked for Defendants during the

9    California Class Period; (e) each Class Member's estimated Individual Settlement Payment and the

10   formula for calculating Individual Settlement Payments; (f) the dates which comprise the California Class

11   Period; (g) instructions on how to submit a valid Claim Form, Exclusion Form, or Notice of Objection; (h)

12   the deadlines by which the California Class Members must submit a Claim Form, Exclusion Form, or file

13   and serve Notice of Objections to the Settlement; (i) the claims to be released, as set forth herein; and (j)

14   the date for the final approval hearing.

15        41.    Disputed Information on Notice Packets. California Class Members will have an

16   opportunity to dispute the information provided in their Notice Packets. To the extent California Class

17   Members dispute the number of Workweeks to which they have been credited or the amount of their

18   Individual Settlement Payments, California Class Members may produce evidence to the Claims

19   Administrator showing that such information is inaccurate. Absent evidence clearly rebutting Defendants'

20   records, Defendants' records will be presumed determinative. However, if a California Class Member

21   produces evidence to the contrary, the Claims Administrator will evaluate the evidence submitted by the

22   California Class Member and will make the final decision as to the number of eligible Workweeks that

23   should be applied and/or the Individual Settlement Payment to which the California Class Member may

24   be entitled. All such disputes are to be resolved not later than 14 days after the Response Deadline.

25        42.    Claim Form Procedures (Plaintiffs' Exception). To receive Individual Settlement

26   Payments, all Class Members will be required to submit a Claim Form on or before the Response

27   Deadline. However, California Named Plaintiffs are not required to submit a Claim Form to receive their

28

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION

1    Individual Settlement Payment. All Claim Forms must be signed and submitted to the Claims

2    Administrator via online, first class mail, or fax on or before the Response Deadline. The date of the

3    online submission, fax, or postmark on the return mailing envelope will be the exclusive means to

4    determine whether a Claim Form has been timely submitted. However, it is not the intention of the Parties

5    to exclude California Class Members from participating in this Settlement for technical reasons that do not

6    interfere with the orderly administration of this Settlement. Therefore, the Claims Administrator will

7    compile a list of claims rejected for (1) failure to cure an unsigned Claim Form or (2) late submission of

8    the Claim Form. As to the Class Members on that rejected claims list, any California Class Member who

9    requests the ability to participate in this Settlement will be included as a Participating California Class

10   Member so long as that written request is received by the Effective Date.

11        43.    Defective Submissions. If a California Class Member's Claim Form or Exclusion Form

12   is defective as to the requirements listed herein, that California Class Member will be given an opportunity

13   to cure the defect(s). The Claims Administrator will mail the California Class Member a Cure Letter

14   within three business days of receiving the defective submission to advise the California Class Member

15   that his or her submission is defective and that the defect must be cured to render the Claim Form or

16   Exclusion Form valid. The Class Member will have until the later of (a) the Response Deadline or (b) 15

17   calendar days from the date of the Cure Letter, whichever date is later, to submit online, mail, or fax a

18   revised Claim Form or Exclusion Form. If a California Class Member responds to a Cure Letter by filing

19   another defective claim, then the Claims Administrator will have no further obligation to give notice of a

20   need to cure. If the revised Claim Form is not submitted online, postmarked, or received by fax within the

21   period prescribed above, it will be deemed untimely.

22        44.    Request for Exclusion Procedures. Any California Class Member wishing to opt-out

23   from this Settlement must sign and submit via online, mail, or fax the Exclusion Form to the Claims

24   Administrator within the Response Deadline. The date of the online submission, postmark on the return

25   mailing envelope, or fax receipt confirmation will be the exclusive means to determine whether the

26   Exclusion Form has been timely submitted. All Exclusion Forms will be submitted to the Claims

27   Administrator, who will certify jointly to Class Counsel and Defendants' Counsel that the Exclusion

28

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION**

1    Forms were timely submitted.

2          45.    <u>Settlement Terms Bind all California Class Members who do Not Opt-out</u>.  Any

3    California Class Member who does not affirmatively opt-out of this Settlement by submitting a timely and

4    valid Exclusion Form will be bound by all of its terms, including those pertaining to the Released Claims,

5    as well as any Judgment that may be entered by the Court if it grants final approval of this Settlement.

6    However, any Class Member who does not submit a Claim Form will not be deemed to have released any

7    claim under the Fair Labor Standards Act.

8          46.    <u>Objection Procedures</u>.  To object to this Settlement, a California Class Member must file a

9    valid Notice of Objection with the Court and serve copies of the Notice of Objection on the Parties on or

10   before the Response Deadline.  The Notice of Objection must be signed by the California Class Member

11   and contain all information required by the Settlement Agreement.  The postmark date of the filing and

12   service will be deemed the exclusive means for determining that the Notice of Objection is timely.

13   California Class Members will also have a right to appear at the Final Approval Hearing to have their

14   objections heard by the Court.  At no time will any of the Parties or their counsel seek to solicit or

15   otherwise encourage California Class Members to submit written objections to this Settlement, make oral

16   objections at the Final Approval Hearing, or appeal from the Order and Judgment.  Class Counsel will not

17   represent any California Class Members with respect to any such objections to this Settlement.

18         47.    <u>Certification Reports Regarding Individual Settlement Payment Calculations</u>.  The Claims

19   Administrator will provide Defendants' counsel and Class Counsel a weekly report which certifies:  (a)

20   the number of Participating California Class Members from the California Settlement Class who have

21   submitted valid Claim Forms; (b) the number of California Class Members who have submitted valid

22   Exclusion Forms; (c) the NSA claimed by Participating California Class Members; and (d) whether any

23   California Class Member has submitted a challenge to any information contained in their Claim Form or

24   Notice Packet.  Additionally, the Claims Administrator will provide to counsel for both Parties any

25   updated reports regarding the administration of this Settlement as needed or requested.

26         48.    <u>Distribution Timing of Individual Settlement Payments</u>. Within forty five (45) calendar

27   days of the Effective Date, the Claims Administrator will issue payments to (a) Participating Class

28

Members; (b) Plaintiff; and (c) Class Counsel. The Claims Administrator will also issue a payment to itself for Court-approved services performed in connection with the Settlement.

49. <u>Uncashed Settlement Checks</u>. Any checks issued by the Claims Administrator to Participating California Class Members will be negotiable for at least 180 calendar days. Those funds represented by settlement checks returned as undeliverable and those settlement checks remaining un-cashed for more than 180 calendar days after issuance will be tendered to the California Department of Industrial Relations Unpaid Wage Fund (*see* Cal. Lab. Code § 96.6).

50. <u>Certification of Completion</u>. Upon completion of administration of this Settlement, the Claims Administrator will provide a written declaration under oath to certify such completion to the Court and counsel for all Parties.

51. <u>Tax Treatment of Individual Settlement Payments</u>. All Individual Settlement Payments will be allocated as follows: 33 1/3% of each Individual Settlement Payment will be allocated as wages and 66 2/3% of each Individual Settlement Payment will be allocated as penalties and interest. Employee taxes shall be withheld for the portion of each Individual Settlement Payment, and shall be reported on an IRS Form W-2 by the Claims Administrator. Those portions allocated to interest and penalties will be reported on an IRS Form-1099 by the Claims Administrator.

52. <u>Administration of Taxes by the Claims Administrator</u>. The Claims Administrator will be responsible for issuing to the California Named Plaintiffs, Participating California Class Members, and Class Counsel any W-2, 1099, or other tax forms as may be required by law for all amounts paid pursuant to this Settlement. The Claims Administrator will also be responsible for forwarding all employee payroll taxes and penalties to the appropriate government authorities.

53. <u>Tax Liability</u>. Defendants make no representation as to the tax treatment or legal effect of the payments called for hereunder, and the California Named Plaintiffs and Participating California Class Members are not relying on any statement, representation, or calculation by Defendants or by the Claims Administrator in this regard. Plaintiffs and Participating California Class Members understand and agree that, except for the payment of the employer's payroll taxes, the California Named Plaintiffs and Participating California Class Members will be solely responsible for the payment of any taxes and

1   penalties assessed on the payments described herein.

2        54.   Circular 230 Disclaimer. EACH PARTY TO THIS SETTLEMENT (FOR PURPOSES

3   OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS

4   SETTLEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY")

5   ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO

6   WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR

7   THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR WILL

8   ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE

9   RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY

10   DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE

11   ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS OWN,

12   INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN

13   CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT

14   BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR

15   ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY

16   COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER

17   PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE

18   ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY

19   HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY

20   SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH

21   LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING

22   PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION,

23   INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

24        55.   No Prior Assignments. The Parties and their counsel represent, covenant, and warrant

25   that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer,

26   or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or

27   right herein released and discharged.

28

56.  <u>General Release of Additional Claims and Rights by the California Named Plaintiffs.</u>

Upon the Effective Date, and as a condition of receiving any portion of their Class Representative Enhancement Payments, the California Named Plaintiffs will agree to the additional following General Release:  In consideration of Defendants' promises and agreements as set forth herein, Plaintiffs hereby fully release the Released Parties from any and all Released Claims and also generally release and discharge the Released Parties from any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind which have been or could have been asserted against the Released Parties arising out of or relating to Plaintiffs' employment by Defendants or termination thereof including, but not limited to, any federal, state or local claims arising out of Plaintiffs' employment whatsoever, including, but not limited to, claims for wages, wage statement violations, meal and rest period violations, unpaid vacation and wages upon termination, unpaid minimum wage, unpaid overtime, restitution, penalties, retaliation, defamation, discrimination, harassment, fraud, conversion, unjust enrichment, or wrongful termination of employment, as well as wage and hour class claims which could have been brought based upon the factual allegations related to the California Litigation. This release specifically includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs (except provided for by this Settlement) relating to or in any way connected with the matters referred to herein, whether or not known or suspected to exist, and whether or not specifically or particularly described herein.  Specifically, the Named California Plaintiffs waive all rights and benefits afforded to them by California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

California Named Plaintiffs may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the general release, but California Named Plaintiffs, upon the Effective Date of Settlement, shall

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION**

be deemed to have, and by operation of the Final Approval shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the general release whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

57.     Option to Terminate.  Defendants will have, in their sole discretion, the right to void and withdraw from this Settlement if, at any time prior to final approval, 10% or more of the members of the California Settlement Class opt out of this Settlement.  Defendants must exercise this right of rescission, in writing, to Class Counsel within 14 calendar days of the Response Deadline.  If the option to rescind is exercised, then Defendants will be solely responsible for all Claims Administration Costs incurred by the Claims Administrator to that date.

58.     Nullification of Settlement Agreement.  In the event that: (a) the Court does not finally approve this Settlement as provided herein; or (b) this Settlement does not become final for any other reason, then the Settlement Agreement, and any documents generated to bring it into effect, will be null and void, and all amounts deposited into the QSA will be returned to Defendants.  Any order or judgment entered by the Court in furtherance of this Settlement will likewise be treated as void from the beginning.

59.     Preliminary Approval Hearing.  Plaintiff will obtain a hearing before the Court to request the Preliminary Approval of the Settlement Agreement, and the entry of a Preliminary Approval Order for: (a) conditional certification of the California Settlement Class for settlement purposes only; (b) Preliminary Approval of the proposed Settlement Agreement; and (c) setting a date for a Final Approval/Settlement Fairness Hearing.  The Preliminary Approval Order will provide for the Notice Packet to be sent to all California Class Members as specified herein.  In conjunction with the Preliminary Approval Hearing, Plaintiffs will submit this Settlement Agreement, which sets forth the terms of this Settlement, and will include the proposed Notice Packet (i.e., the proposed Notice of Settlement, the proposed Claim Form, and the proposed Exclusion Form, attached hereto as Exhibits A, B, and C,

respectively). Class Counsel will be responsible for drafting all documents necessary to obtain preliminary approval.

60.     Final Settlement Approval Hearing and Entry of Judgment.   Upon expiration of the deadlines to submit Claim Forms, Exclusion Forms, or Notice of Objections to the Settlement Agreement, and with the Court's permission, a Final Approval/Settlement Fairness Hearing will be conducted to determine the Final Approval of the Settlement Agreement along with the amounts properly payable for: (a) Individual Settlement Payments to Participating California Class Members; (b) Class Counsel's Attorneys' Fees and Costs; (c) the Class Representative Enhancement Payments; and (d) Claims Administration Costs.  The Final Approval/Settlement Fairness Hearing will not be held earlier than 30 days after the Response Deadline.  Class Counsel will be responsible for drafting all documents necessary to obtain final approval.  Class Counsel will also be responsible for drafting the attorneys' fees and costs application to be heard at the Final Approval Hearing.

61.     Judgment and Continued Jurisdiction.   Upon final approval of this Settlement by the Court or after the Final Approval/Settlement Fairness Hearing, the Parties will present the Judgment to the Court for its approval.  After entry of the Judgment, the Court will have continuing jurisdiction solely for purposes of addressing: (a) the interpretation and enforcement of the terms of the Settlement Agreement; (b) settlement administration matters; and (c) such post-Judgment matters as may be appropriate under court rules or as set forth in this Settlement.  Class Counsel will be responsible for preparing the proposed judgment and ensuring judgment is timely entered.

62.     Exhibits Incorporated by Reference.   The terms of this Settlement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Settlement are an integral part of this Settlement.

63.     Entire Agreement.   The Settlement Agreement and any attached Exhibits constitute the entirety of the Parties' settlement terms.  No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties. The Parties expressly recognize California Civil Code Section 1625 and California Code of Civil Procedure Section 1856(a), which provide that a written agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence, and the

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION**

1   Parties agree that no such extrinsic oral or written representations or terms will modify, vary or contradict

2   the terms of this Agreement.

3         64.    Public Disclosures. The Parties and their counsel will not make any public disclosure,

4   including but not limited to issuing any press releases, initiating any contact with the press, responding to

5   any press inquiry, having any communication with the press, any postings on any website (including sites

6   maintained by Class Counsel), or communicating in any form of advertising, marketing or social media,

7   about the California Litigation, and the fact, amount, or terms of the Settlement thereof, other than by the

8   public filing of pleadings with the Court.  Any communication about the Settlement to Class Members

9   prior to the filing will be limited to a statement that a settlement has been reached and the details will be

10  communicated in a forthcoming Court-approved notice.  Nothing set forth herein, however, shall prohibit

11  the Parties from providing this Agreement to the Court in connection with the Parties' efforts to seek the

12  Court's approval of this Settlement.  Following the filing of the stipulation for preliminary approval,

13  neither California Named Plaintiffs nor Class Counsel will make any public disclosure with respect to the

14  California Litigation or Settlement, other than to direct inquirers, including the media, to the public records

15  of the Action on file with the Court.  If contacted by the media regarding the settlement, Plaintiff and/or

16  Class Counsel will state, "The parties have amicably resolved the dispute."  Additionally, neither

17  California Named Plaintiffs nor Class Counsel will disparage the Settlement or any Released Parties.

18        65.    Amendment or Modification.  The Settlement Agreement may be amended or modified

19  only by a written instrument signed by counsel for all Parties or their successors-in-interest.

20        66.    Authorization to Enter Into Settlement Agreement.  Counsel for all Parties warrant and

21  represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement

22  and to take all appropriate action required or permitted to be taken by such Parties pursuant to the

23  Settlement Agreement to effectuate its terms and to execute any other documents required to effectuate the

24  terms of the Settlement Agreement.  The Parties and their counsel will cooperate with each other and use

25  their best efforts to effectuate the implementation of this Settlement.  If the Parties are unable to reach

26  agreement on the form or content of any document needed to implement this Settlement, or on any

27  supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties

28

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION**

1   may seek the assistance of the Mediator or the Court to resolve such disagreement.

2        67.    Signatories. It is agreed that because the members of the Class are so numerous, it is

3   impossible or impractical to have each member of the Class execute this Settlement Agreement. The

4   Notice, attached hereto as Exhibit "A," will advise all Class Members of the binding nature of the release,

5   and the release shall have the same force and effect as if this Settlement Agreement were executed by each

6   member of the Class.

7        68.    Binding on Successors and Assigns. The Settlement Agreement will be binding upon,

8   and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

9        69.    California Law Governs. All terms of the Settlement Agreement and Exhibits hereto will

10   be governed by and interpreted according to the laws of the State of California.

11        70.    Execution and Counterparts. The Settlement Agreement is subject only to the execution

12   of all Parties. However, the Settlement Agreement may be executed in one or more counterparts. All

13   executed counterparts and each of them, including facsimile and scanned copies of the signature page, will

14   be deemed to be one and the same instrument provided that counsel for the Parties will exchange among

15   themselves original signed counterparts.

16        71.    Acknowledgement that the Settlement is Fair and Reasonable. The Parties believe this

17   Settlement is a fair, adequate, and reasonable settlement of the California Litigation and have arrived at

18   this Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into

19   account all relevant factors, present and potential. The Parties further acknowledge that they are each

20   represented by competent counsel and that they have had an opportunity to consult with their counsel

21   regarding the fairness and reasonableness of this Settlement. In addition, the Mediator may execute a

22   declaration supporting this Settlement and the reasonableness of this Settlement and the Court may, in its

23   discretion, contact the Mediator to discuss this Settlement and whether or not this Settlement is objectively

24   fair and reasonable.

25        72.    Invalidity of any Provision. Before declaring any provision of the Settlement Agreement

26   invalid, the Court will first attempt to construe the provision as valid to the fullest extent possible

27   consistent with applicable precedents so as to define all provisions of the Settlement Agreement valid and

28

enforceable.

73. <u>California Named Plaintiffs' Waiver of Right to Be Excluded and Object</u>. California Named Plaintiffs agree to sign this Settlement Agreement and, by signing this Settlement Agreement, is hereby bound by the terms herein. For good and valuable consideration, California Named Plaintiffs further agree that they will not request to be excluded from the Settlement Agreement, nor object to any terms herein, including in the event any portion of the Class Representative Enhancement Payment is not awarded to him. Any such request for exclusion or objection by California Named Plaintiffs will be void and of no force or effect. Efforts by California Named Plaintiffs to circumvent the terms of this paragraph will be void and of no force or effect.

74. <u>Class Action Certification for Settlement Purposes Only</u>. The Parties agree to stipulate to class action certification only for purposes of this Settlement. If, for any reason, this Settlement is not approved, the stipulation to certification will be void. The Parties further agree that certification for purposes of this Settlement is not an admission that class action certification is proper under the standards applied to contested certification motions and that this Settlement will not be admissible in this or any other proceeding as evidence that either (a) a class action should be certified or (b) Defendants are liable to Plaintiffs or any California Class Member, other than according to the Settlement Agreement's terms.

75. <u>Captions</u>. The captions and section numbers in the Settlement Agreement are inserted for the reader's convenience, and in no way define, limit, construe or describe the scope or intent of the provisions of this Settlement.

76. <u>Waiver</u>. No waiver of any condition or covenant contained in the Settlement Agreement or failure to exercise a right or remedy by any of the Parties hereto will be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

77. <u>Mutual Preparation</u>. The Parties have had a full opportunity to negotiate the terms and conditions of this Settlement. Accordingly, the Settlement Agreement will not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Settlement.

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION**

78. <u>Representation by Counsel</u>. The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of the Settlement Agreement, and that the Settlement Agreement has been executed with the consent and advice of counsel, and reviewed in full. Further, Plaintiffs and Class Counsel warrant and represent that there are no liens on this Settlement.

79. <u>All Terms Subject to Final Court Approval</u>. All amounts and procedures described in this Settlement will be subject to final Court approval.

80. <u>Cooperation and Execution of Necessary Documents</u>. All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Settlement.

81. <u>Notices</u>. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

> To Plaintiff and the Settlement Class:
> Jerusalem F. Beligan, Esq.
> Bisnar | Chase LLP
> 6701 Center Dr. W, Floor 14
> Los Angeles, CA 90045
>
> Branigan Robertson, Esq.
> Branigan Robertson, Inc.
> 9891 Irvine Center Dr., Suite 200
> Irvine, CA 92618
>
> Michael Fradin, Esq.
> Law Office of Michael Fradin
> 8401 Crawford Avenue. Suite 104
> Skokie, IL 60076
>
> To Defendants:
> Nicky Jatana, Esq.
> Cynthia J. Emry, Esq.
> Jackson Lewis, PC
> 725 S. Figueroa Street, Suite 2500
> Los Angeles, CA 90017

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION**

82. <u>Integration Clause</u>. This Settlement Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

83. <u>Binding Agreement</u>. The Parties warrant that they understand and have full authority to enter into this Settlement, and further intend that this Settlement will be fully enforceable and binding on the Parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

84. <u>No Admission of Liability</u>. The Parties have entered into this Settlement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience and expense. Nothing contained herein, nor in the consummation of this Settlement, is construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of the Defendants.

**PLAINTIFFS**

Dated: August ___, 2017

_____
Plaintiff John Chrispens

Dated: August ___, 2017

_____
Plaintiff Mai Henry

**DEFENDANTS: Life Time Fitness, Inc., LTF Club Management Company, LLC and LTF Club Operations Company, Inc.**

Dated: August 7, 2017

_____

ERIK LINDSETH
_____
Please Print Name of Authorized Signatory

82.     <u>Integration Clause</u>. This Settlement Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

83.     <u>Binding Agreement</u>. The Parties warrant that they understand and have full authority to enter into this Settlement, and further intend that this Settlement will be fully enforceable and binding on the Parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

84.     <u>No Admission of Liability</u>. The Parties have entered into this Settlement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience and expense. Nothing contained herein, nor in the consummation of this Settlement, is construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of the Defendants.

**PLAINTIFFS**

Dated: ~~August~~ Sept 7 , 2017

_John B Chrispens IV_
Plaintiff John Chrispens

Dated: ~~August~~ Sept ___ , 2017

_____
Plaintiff Mai Henry

**DEFENDANTS: Life Time Fitness, Inc., LTF Club Management Company, LLC and LTF Club Operations Company, Inc.**

Dated: August ___ , 2017

_____

_____
Please Print Name of Authorized Signatory

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION

82.     Integration Clause. This Settlement Agreement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

83.     Binding Agreement.  The Parties warrant that they understand and have full authority to enter into this Settlement, and further intend that this Settlement will be fully enforceable and binding on the Parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

84.     No Admission of Liability.  The Parties have entered into this Settlement with the intention to avoid further disputes and litigation with the attendant risk, inconvenience and expense. Nothing contained herein, nor in the consummation of this Settlement, is construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of the Defendants.

**PLAINTIFFS**

Dated: ~~August~~ Sept ___, 2017

_____
Plaintiff John Chrispens

Dated: ~~August~~ Sept  8 , 2017

*Mai Henry*
_____
Plaintiff Mai Henry

**DEFENDANTS:  Life Time Fitness, Inc., LTF Club Management Company, LLC and LTF Club Operations Company, Inc.**

Dated: August ___, 2017

_____

_____
Please Print Name of Authorized Signatory

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION**

1

2

3
                                    **APPROVED AS TO FORM**

4
                                    **BISNAR | CHASE LLP**

5       Dated: August ~~18~~ Sept. 18, 2017
                                    _____
6                                   Jerusalem F. Beligan
                                    Attorneys for Plaintiffs
7

8                                   **BRANIGAN ROBERTSON, INC.**

9       Dated: August ~~18~~ Sept 18, 2017
                                    _____
10                                  Branigan A. Robertson
                                    Attorneys for Plaintiffs
11

12                                  **LAW OFFICE OF MICHAEL L. FRADIN**

13      Dated: ~~August~~ Sept 18, 2017
                                    _____
14                                  Michael L. Fradin
                                    Attorneys for Plaintiffs
15

16

17                                  **JACKSON LEWIS P.C.**

18      Dated: August Sept 18, 2017
                                    _____
19                                  Nicky Jatana
                                    Cynthia J. Emry
20                                  Attorneys for Defendants

21

22

23

24

25

26
        4828-7923-1308, v. 1
27

28
                                    Page 24

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF THE CALIFORNIA LITIGATION**

**EXHIBIT A**

**NOTICE OF SETTLEMENT**

LEGAL NOTICE:

> If you worked for Life Time as a Personal Trainer and/or Pilates
> Instructor/Coordinator or similar nomenclature as define in the Operative
> Complaint in California during some or all of the period from August 12, 2010
> through the date of Preliminary Approval, a class action settlement will affect
> your rights
>
> *A court authorized this Notice. This is not a solicitation from a lawyer.*

<u>YOU ARE HEREBY NOTIFIED</u> that a proposed class settlement (the "California Settlement Class") in the case entitled, *Jared Steger, et al., v. Life Time Fitness Inc., et al*, Case No. Case No. 1:14-cv-06056, (the "Action") filed in the United States District Court of the Northern District of Illinois – Eastern Division before the Honorable Sharon Johnson (the "Court"), has been reached between California Named Plaintiffs John Chrispens and Mai Henry ("Plaintiffs" or "Class Representatives") and Defendants Life Time Fitness, Inc., LTF Club Management Company, LLC, and LTF Club Operations Company, Inc. ("Defendants" or, collectively, "Life Time), collectively referred to as the "Parties". "Operative Complaint" means and refers to the Consolidated Complaint filed on January 15, 2015 in the Action. The Court granted preliminary approval of the California Settlement Class. "California Class Members" or "California Settlement Class" means and refers to all persons who were employed by Defendants in the State of California as a Personal Trainer and/or Pilates Instructor/Coordinator or similar nomenclature as defined in the Operative Complaint at any time during the California Class Period. The proposed California Settlement Class will resolve all class claims in the California Litigation, as defined in Section 2 below. The Court ordered this Notice of Settlement be sent to you because you may be a California Class Member. This Notice of Settlement informs you of the settlement and your legal rights under the California Settlement Class.

<u>SUMMARY OF CASE</u>

- Plaintiffs sued Defendants on behalf of themselves and other California Class Members, for various alleged California Labor Code violations and alleged violation of the Fair Labor Standards Act ("FLSA"), as further described in Section 2 below. After extensive discovery, investigation and an exchange of relevant information, the Parties agreed to participate in private mediation to discuss resolution of the claims. After the mediation, the Parties reached the California Class Settlement memorialized in the Joint Stipulation of Class Action Settlement and Release of the California Litigation on file with the Court, and whose terms are generally summarized in this Notice of Settlement.

**If you qualify as a California Class Member, you could receive money from the settlement. Your legal rights are affected whether you act or don't act. Read this Class Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | This is the only way to receive payment from the settlement. In exchange for this payment you will give up any rights to sue for the same claims that were part of this settlement. |

Questions? Call <<CLAIM ADMIN PH NO>>
www._____.com

## EXHIBIT A

## NOTICE OF SETTLEMENT

| **DO NOTHING** | You will get no money **and** you will give up any rights to sue for the same claims that were part of this settlement, except claims under FLSA. |
|---|---|
| **EXCLUDE YOURSELF** | Give up all benefits, including money, from the settlement.  Retain all rights you may have against Defendants, explained below. |
| **OBJECT** | Write to the Court about why you don't agree with the settlement.  The Court may or may not agree with your objection. |

| **HOW MUCH CAN I GET?** | Look at the top of the enclosed Claim Form. |
|---|---|

- Your rights and options – and the deadlines to exercise them – are explained in this Notice.
- The Court in charge still has to decide whether to grant final approval of the settlement.  If the Court approves the settlement and after any appeals are resolved, payments will be made to California Class Members who comply with this Notice by submitting a valid claim form.

### 1. Why Did I Get This Notice Package?

**You are not being sued**.  Plaintiffs sued Defendants in a class action on behalf of themselves and similarly situated employees like you.

Defendants' records show you are a current or former Personal Trainer and/or Pilates Instructor/Coordinator or similar nomenclature as defined in the Operative Complaint who worked with Defendants within the state of California during the period from August 12, 2010 through the date of Preliminary Approval (the "California Class Period").

You received this Notice of Settlement because you have a right to know about a proposed settlement of a class action lawsuit and about your options before the Court decides whether to grant final approval of the settlement.  If the Court approves the settlement, and after any objections and appeals are resolved, a Claims Administrator appointed by the Court will make the payments that the settlement allows.

This Notice of Settlement explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them and how to get them.

### 2. What Is This Lawsuit About?

Plaintiffs, on behalf of themselves and other California Class Members who worked for Defendants in California during the California Class Period, made various claims against Defendants in the California Litigation. "California Litigation" means and refers to the portion of the Action that relates to causes of action brought under California law and the Fair Labor Standards Act ("FLSA") that relate to California Class Members, including without limitation: (a) violation of the FLSA as it relates to Plaintiffs and the California Class Members only (First Claim for Relief); (b) failure to provide accurate wage statements (Second Claim for Relief); (c) deduction of business losses and shortages from wages (Third Claim for Relief); (d) failure to pay the minimum wage (Fourth Claim of Relief); (e) failure to pay overtime (Fifth Claim for Relief); (f) failure to provide meal and rest periods (Sixth Claim for Relief); (g) forfeiture of vested vacation wages (Seventh Claim for Relief); (h) failure to timely pay all wages upon resignation or

## EXHIBIT A

## NOTICE OF SETTLEMENT

termination of employment (Eighth Claim for Relief); and (i) violation of California's Unfair Competition Law (Ninth Claim for Relief).

### 3. What is Defendants' Position?

Defendants deny all of Plaintiffs' allegations and that they violated any law. Defendants contend that they complied with all federal, state and local laws. Specifically, Defendants deny that they failed to provide inaccurate wage statements, deducted business losses and shortages from wages, failed to pay the minimum wage, failed to pay overtime, failed to provide meal and rest periods, forfeited vested vacation wages, failed to timely pay all wages upon resignation or termination of employment, or violated California's Unfair Competition Law.

### 4. Do I Need to Hire a Lawyer?

**You need not hire your own attorney**. You are already represented by the attorneys and law firm indicated below ("Class Counsel"). At the preliminary approval hearing, the Court appointed the following attorneys as Class Counsel to represent the California Class Members in this Action:

<table>
<tr><td>Brian D. Chase<br>Jerusalem F. Beligan<br>**BISNAR|CHASE LLP**<br>1301 Dove Street, Suite 120<br>Newport Beach, CA 92660<br>(949) 752-2999</td><td>Branigan Robertson<br>**Branigan Robertson, Inc.**<br>9891 Irvine Center Drive, Suite 200<br>Irvine, CA 92618<br>(951) 202-5463</td></tr>
<tr><td>Michael L. Fradin<br>**Law Office of Michael Fradin**<br>8401 Crawford Ave., Ste. 104<br>Skokie, Illinois 60076<br>(847) 644-3425</td><td></td></tr>
</table>

However, you may hire your own attorney at your own expense if you choose to do so.

### 5. Why Is There A Settlement?

The Court did not decide this case in favor of Plaintiffs or Defendants. Instead of going to trial, after discovery and a thorough investigation into the facts, both sides agreed to a settlement after mediating this case before a neutral, third-party mediator. The class claims were settled because Class Counsel and California Named Plaintiffs believe that the terms of the settlement are fair and reasonable in light of the strength and weaknesses of the claims and other factors.

### 6. How Do I Know If I Am Part Of The Settlement?

California Class Members are all current and former Personal Trainer and/or Pilates Instructor/Coordinator or similar nomenclature as defined in the Operative Complaint who worked for

Questions? Call <<CLAIM ADMIN PH NO>>
www._____.com

## EXHIBIT A

## NOTICE OF SETTLEMENT

Defendants in California during the Class Period. If you fit within these parameters, then you are a California Class Member and therefore part of the Class Settlement.

### 7. What Does The Settlement Provide?

The settlement provides that Defendant is willing to pay up to $700,000 (the "Gross Settlement Amount" or "GSA") to fully resolve the claims in the Action. California Class Members who submit timely and valid Claim Forms will receive money from the Net Settlement Amount or NSA. The Net Settlement Amount is the portion of the Gross Settlement Amount available for distribution to California Class Members who submit timely and valid Claim Forms, after deduction of Court approved Class Counsel's attorneys' fees and costs, class representative enhancement payments, and claim administration costs.

Class Counsel will ask the Court to award attorneys' fees in the amount of $245,000, which represents thirty-five percent (35%) of the Gross Settlement Amount and litigation costs of up to $50,000 from the Gross Settlement Amount. In addition, Class Counsel will ask the Court to authorize class representative enhancement payments from the Gross Settlement Amount of $10,000 to each California Named Plaintiff to compensate them for the risks, time and expense of each of their involvement in the Action. This payment is in addition to whatever payment Plaintiffs are otherwise entitled to as California Class Members.

The Claims Administrator will also be reimbursed for the expense of notifying the California Class Members of the Class Settlement, processing claims and requests for exclusions submitted by California Class Members and distributing settlement payments. Claims Administration Costs are estimated not to exceed $20,000 but may be higher or lower depending on the results of the claim process. In any event, the cost to administer the Class Settlement will not exceed $20,000.

### 8. What Can I Get From the Settlement?

Participating California Class Members will be paid out of the Net Settlement Amount. The Individual Settlement Payment received by California Class Members will be broken down as follows: thirty-three and a third percent (33 1/3%) will be allocated as wages, for which IRS Form W-2 shall be issued; sixty-six and two thirds of percent (66 2/3%) of each Individual Settlement Payment will be allocated as penalties and interest, for which IRS Form 1099 shall be issued, as appropriate.

If you submit a completed Claim Form by the Response Deadline, you will receive your share of the Net Settlement Amount after the Court approves the settlement. Your estimated share is listed in the enclosed Claim Form.

### 9. How Was My Share Calculated?

Your share will be calculated and apportioned from the Net Settlement Amount based on the number of Workweeks you worked during the Class Period divided by the total Workweeks worked by all California Class Members during the Class Period.

The term "Workweeks" is defined as the number of weeks of employment that each California Class Member worked for Defendants in the State of California during the California Class Period. Defendants

Questions? Call <<CLAIM ADMIN PH NO>>
www._____.com

# EXHIBIT A

## NOTICE OF SETTLEMENT

will determine the number of Workweeks by calculating the number of days each California Class Member worked for Defendants in the State of California during the California Class Period, dividing by seven, and rounding up to the nearest whole number.

### 10. How Can I Get Payment?

To qualify for payment, you must complete and return a Claim Form. A Claim Form is enclosed with this Notice of Settlement. Read the instructions carefully, fill out the Claim Form completely, sign and date it, and mail it postmarked to the Claims Administrator no later than _____, 2017 (45 calendar days after the initial mailing). Alternatively, you may fax the Claim Form to _____ or submit a Claim Form online at www._____.com by completing the procedures set forth on the website and receiving a confirmation number no later than 11:59 pm, _____, 2017 (45 calendar days after the initial mailing). If you do nothing or fail to timely and properly submit your Claim Form, you will be included in the settlement class, and be bound by the terms of the settlement (including the Released Claims described in Section 12 below), but will not receive money.

California law protects California Class Members from retaliation based on their decision to participate in a class action settlement.

### 11. When Would I Get My Payment?

The Court will hold the Final Approval Hearing on or about <<Final Fairness Hearing Date>> at _____ in Courtroom 1425 of the Northern District of Illinois, Eastern Division, 327 South Church Street, Rockford, IL 61101, to decide whether to approve the settlement. If the Court approves the settlement on that date, your settlement share will be mailed to you within approximately 30 days from that date, unless there are objections or appeals. If there are objections or appeals, it is always uncertain when they will be resolved, and resolving them can take time.

### 12. What Rights Do I Give Up If I Participate Or Do Nothing?

Unless you exclude yourself, you will remain a California Class Member, and you will be bound by the terms of the settlement, including the Released Claims described below. That means you cannot sue, or to continue to sue, or be part of any other lawsuit related to the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you.

#### Released Claims

Upon the final approval by the Court of the settlement, unless you submit a valid and timely opt-out request, you will be deemed to have released the claims that were pled or could have been pled in the California Litigation which arose during the California Class Period against Defendants, including without limitation, statutory, contractual or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, interest, restitution, equitable relief, or any other relief, including without limitation claims based on the following categories of allegations: (a) claims for violation of the FLSA as it relates to California Class Members only; (b) claims for wage statement violations; (c) claims for deduction of business losses and shortages; (d) claims for the nonpayment of the minimum wage; (e) claims for unpaid overtime; (f) claims for meal and rest period violations; (g) claims for the forfeiture of vested vacation

Questions? Call <<CLAIM ADMIN PH NO>>
www._____.com

## EXHIBIT A

## NOTICE OF SETTLEMENT

wages; (h) claims for the failure to timely pay wages upon discharge or termination of employment; and (i) claims for violation of California's Business & Professions Code § 17200, *et seq*.

### 13. How Do I Exclude Myself From The Settlement?

If you do not wish to participate in the settlement, you may exclude yourself (called "opting out") by completing and returning the Request for Exclusion ("Opt Out") Form ("Exclusion Form"). An Exclusion Form is enclosed with this Notice of Settlement. Read the instructions carefully, fill out the Exclusion Form completely, sign and date it, and mail it postmarked to the Claims Administrator no later than _____, 2017 (45 calendar days after the initial mailing). Alternatively, you may fax the Exclusion Form to _____ or submit the Exclusion Form online at www._____.com by completing the procedures set forth on the website and receiving a confirmation number no later than 11:59 pm, _____, 2017 (45 calendar days after the initial mailing).

If you timely submit the Exclusion Form, then you will no longer be a member of the class, you will be barred from participating in any portion of the settlement, you may not object to the settlement, and you will receive no benefits, including money, from the settlement. If you wish, you may pursue, at your own expense, any claims you may have against Defendants. If you do not submit a complete and timely Exclusion Form, you will be included in the class, and you will be bound by the terms of the settlement (including the Released Claims described in Section 12 above), whether or not you filed a Claim Form and/or objected to the settlement.

**Do not submit both the Claim Form and an Exclusion Form**. If you submit both, the Exclusion Form will be valid, and you will be excluded from the settlement.

### 14. When Is The Final Approval Hearing?

The Court will hold a Final Approval Hearing in Courtroom 1425 of the Northern District of Illinois, Eastern Division, 327 South Church Street, Rockford, IL 61101 on <<Final Fairness Hearing Date and Time>> or such other, later date as the Court may authorize, to determine whether the settlement is fair, reasonable, and adequate; and if there are objections, the Court will consider them. The Court will also be asked to approve Class Counsel's request for attorneys' fees and costs, class representative enhancement payments, and claims administration costs.

The hearing may be continued without further notice to California Class Members. You are not required to attend the Final Approval Hearing.

### 15. How Do I Object To The Settlement And Appear At The Final Approval Hearing?

To object to the settlement, you must file a Notice of Objection with the Court, Courtroom 1425 of the Northern District of Illinois, Eastern Division, 327 South Church Street, Rockford, IL 61101 and serve copies of the Notice of Objection to Class Counsel and Defendants' attorneys:

| CLASS COUNSEL | DEFENDANTS' ATTORNEYS |
|---|---|
| Brian D. Chase<br>Jerusalem F. Beligan | Nicky Jatana, Esq.<br>Cynthia J. Emry, Esq. |

Questions? Call <<CLAIM ADMIN PH NO>>
www._____.com

**EXHIBIT A**

**NOTICE OF SETTLEMENT**

| | |
|---|---|
| BISNAR\|CHASE LLP<br>1301 Dove Street, Suite 120<br>Newport Beach, California 92660<br>(949) 752-2999 | Jackson Lewis, PC<br>725 S. Figueroa Street, Suite 2500<br>Los Angeles, CA 90017<br>(213) 689-0404 |
| Branigan Robertson<br>Branigan Robertson, Inc.<br>9891 Irvine Center Drive, Suite 200<br>Irvine, CA 92618<br>(951) 202-5463 | |
| Michael L. Fradin<br>Law Office of Michael Fradin<br>8401 Crawford Ave., Suite 104<br>Skokie, Illinois 60076<br>(847) 644-3425 | |

Your Notice of Objection must state your full name, address, telephone number, and a written statement of all grounds for the objection accompanied by any legal support for such objection and copies of any papers, briefs, or other documents upon which the objection is based. To be valid and effective, any objections to approval of the settlement must be filed with the Court and served upon each of the above-listed attorneys by U.S. mail postmarked no later than <<Claim Deadline>>. DO NOT TELEPHONE THE COURT.

You do not have to attend the hearing, but you may do so at your own expense. If you file a Notice of Objection, you do not have to appear at the hearing. As long as you filed your Notice of Objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**If the Court approves the settlement despite objections from you or other California Class Members, you will receive no settlement proceeds and you will be bound by the terms of the settlement (including the Released Claims described in Section 12 above).**

**You cannot both object and opt-out. If you submit a timely Exclusion Form and object, the Exclusion Form will take priority. You will be excluded from the class and you will be prohibited from objecting to the settlement.**

**16. How Do I Get Additional Information?**

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you should consult the detailed Joint Stipulation of Class Action Settlement and Release, which is on file with the Clerk of the Court.

Questions? Call <<CLAIM ADMIN PH NO>>
www._____.com

# EXHIBIT A

## NOTICE OF SETTLEMENT

The pleadings and all other records from this litigation may be examined by visiting the Northern District of Illinois, Eastern Division, 327 South Church Street, Rockford, IL 61101 during regular office hours (Mon.– Fri., 8:30 a.m. to 4:30 p.m.).  You may also view some of the key documents at www._____.com.

**If you have questions, you can call the Claims Administrator at (800) _____ or Class Counsel (see Section 3 for phone number).**

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

DATED: _____, 2017                    BY ORDER OF THE COURT

                                                   HON. SHARON JOHNSON COLEMAN

4811-1010-9004, v. 1

Questions?  Call <<CLAIM ADMIN PH NO>>

www._____.com

## EXHIBIT B

## CLAIM FORM

### *Jared Steger, et al., v. Lifetime Fitness Inc., et al.,*

| **Your Estimated Individual Settlement Payment is <<EST. AMOUNT>>** |
| --- |

To obtain payment under the settlement, you must complete all requested information, sign, date, and return this Claim Form, (1) by mailing the Claim Form postmarked no later than <<RESPONSE DEADLINE>>, to:

Claims Administrator for *Jared Steger, et al., v. Life Time Fitness Inc., et al*
California Litigation Settlement
<<ADDRESS>>
<<CITY, STATE ZIP>>;

Or (2) by faxing the Claim Form to _____ no later than **<<RESPONSE DEADLINE>>**;

Or (3) by submitting an online Claim Form at <<WEBSITE>> no later than 11:59 pm, **<<RESPONSE DEADLINE>>**

| **If you miss the deadline, you will not receive any money under the settlement.** |
| --- |

### A.  PLEASE VERIFY YOUR NAME AND ADDRESS:

«Barcode» Claim #: MIM-«Claim»-«CD» «MailRec»  **Name/Address Corrections** (if any):
«First1» «Last1»  _____
«c/o»  _____
«Address1» «Address2»  _____
«City», «ST»  «ZIP»  «Country»  _____

### B.  EMPLOYMENT INFORMATION:

Defendants' records indicate you were employed as a Personal Trainer and/or Pilates Instructor/Coordinator or similar nomenclature as defined in the Operative Complaint (as defined in the Notice of Settlement), within the State of California. Defendants' records also show the following:

**Workweeks** worked as a Personal Trainer and/or Pilates Instructor/Coordinator or similar nomenclature as define in the Operative Complaint between August 12, 2010 to _____ (excluding leaves of absence) is <<QUALIFYING WORKWEEKS>>>.

If you disagree with the above information, please indicate the correct information and attach documentation in support. (Please Note: Provide the best documentation possible, including paystubs or timesheets, but at a minimum a detailed account of your disagreement. Attach additional pages if necessary).

Questions?  Call <<CLAIM ADMIN PH NO>>

**C.**    <u>**YOUR ESTIMATED INDIVIDUAL SETTLEMENT PAYMENT:**</u>

Your estimated Individual Settlement Payment is listed at the top of this Claim Form and is based on the information in Section B above.  This estimated amount may change based on various factors, including the number of California Class Members who submit a valid and timely Claim Form.  This estimated amount is calculated based on the Net Settlement Amount as described in the Notice of Settlement, and after all estimated payroll withholdings (excluding employer share of payroll taxes).

**D.**    <u>**ACKNOWLEDGEMENTS AND DECLARATION UNDER PENALTY OF PERJURY**</u>:

I have received, reviewed and understand the Notice of Settlement and submit this Claim Form under the terms of the proposed settlement described therein and as further set forth in the Joint Stipulation of Class Action for Settlement and Release ("Joint Stipulation") on file with the court.  I acknowledge and agree that I am giving up the Released Claims against the Released Parties as defined in the Notice of Settlement and the Joint Stipulation.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the information I provided above is true.

_____                    _____
            Dated                                                                            Signature

Full Name (Print): _____

Last Four Social Security Number:  XXX -XX - ___ ___ ___ ___
*(Failure to sign and fill in each of the above information will result in the rejection of your claim.)*

Email Address (for confirmation of receipt of this Claim Form): _____

4845-1854-8812, v. 1

Questions?  Call <<CLAIM ADMIN PH NO>>

**EXHIBIT C**

> **JARED STEGER, ET AL., V. LIFETIME FITNESS, INC., ET AL.**
> **CLASS ACTION SETTLEMENT**
> **REQUEST FOR EXCLUSION ("OPT OUT") FORM**

**Read the enclosed <u>Notice of Settlement</u> (the "Notice") before filling out this form.** The completion of this form has legal consequences. Please be sure you understand these consequences before filling out this form. The undersigned has read the Notice, and does **<u>NOT</u>** want to remain a member of the settlement class conditionally certified in the case of *Jared Steger, et al., v. Lifetime Fitness Inc., et al., Case No. 1:14-CV-06056*, pending in United States District Court of the Northern District of Illinois – Eastern Division. The underigned understands that, **by completing this form, he or she will <u>not</u> share in any recovery, monetary or otherwise**, that is obtained for the settlement class.

**PLEASE PRINT CLEARLY IN BLACK OR BLUE INK**

Your Name: _____
             First               MI             Last

Address:     _____
               Street Address

               _____
               City             State          Zip

Daytime Telephone Number: _____Last Four of SS# ____ ____ ____ ____

Executed on _____   _____
              Date                    Signature

If you want to exclude yourself from the class, you must complete and return this form by mailing before [CLAIM DEADLINE], to:

      Jared Steger, et al. v. Lifetime Fitness, Inc., et al. Class Action Settlement
      c/o ILYM Group, Inc.
      Address
      Address
      Telephone: [Number]